[L. A. No. 6788. In Bank.—March 7, 1923.]

PACIFIC SEASIDE HOME FOR CHILDREN (a Corporation), Appellant, v. NEWBERT PROTECTION DISTRICT (a Corporation), Respondent.

[1] Protection District—Corporations—Negligence—Diversion of Storm Waters—Parties.—A protection district is a public corporation (Stats. 1907, p. 16), entitled to maintain and defend actions in law and equity, and can be liable for the negligent diversion of storm waters upon a private owner's property.

[2] Id.—Action for Damages—Pleading—Sufficiency of Complaint. In an action against a protection district for damage to plaintiff's land the complaint states a cause of action where it alleges that defendant constructed channels for the water of a certain

river so defectively and negligently that they would not carry the stream and that if defendant had not changed the natural course of the river or interfered with it the waters would have flowed into a bay and no damage would have accrued to plaintiff.

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge. Reversed.

The facts are stated in the opinion of the court.

James Donovan for Appellant.

Clyde Bishop for Respondent.

WILBUR, C. J.—This is an action for damages done by flood water. The appeal was taken upon a typewritten transcript prepared in accordance with the provisions of section 953a of the Code of Civil Procedure. The appellant does not print any part of the record in its brief. The respondent has filed no brief whatever. Appellant requests us to look into the record upon another appeal taken from an order sustaining a demurrer and dismissed by us for the reason that such an order was not appealable. The appellant states:

"The theory upon which the court must have sustained the demurrer is that the defendant was a municipal corporation and that it was exempt from any liability, and that a cause of action could not be stated against the defendant upon the facts alleged in the plaintiff's third amended complaint. The trial court, as appellant maintains, erred in holding that the defendant was exempt from liability. That the defendant is not a municipal corporation within the meaning of that term, is clearly established in the citations in our original brief."

[1] The plaintiff undertakes to state a cause of action based upon damages to its real property resulting from the negligent construction of the levees erected by the defendant whereby water was diverted on to the defendant's land. The defendant was a public corporation (Stats. 1907, p. 16), entitled to maintain and defend actions in law and in equity (Stats. 1907, p. 16, sec. 25) and would be liable for the negligent diversion of storm waters upon the plaintiff's property (*Elliott* v. *County of Los Angeles,* 183

190 Cal.—35

Cal. 472, 475 [191 Pac. 899].) **[2]** The gist of the plaintiff's complaint is that the defendant constructed channels for the water of the Santa Ana River so defectively and negligently that they would not carry the waters of the stream. Plaintiff alleges that "had the defendant not changed the natural course of the Santa Ana River, or in anywise interfered with its natural flow, the waters of the Santa Ana River would have flowed on into Newport Bay and no damage would have accrued to the plaintiff had the said river been permitted to flow as it naturally would had not the defendant constructed its channel to divert the same . . . " It is further alleged in effect that the injury occurred to the plaintiff by reason of the fact that the defendant negligently turned the waters of the Santa Ana River in a channel which was too small, and which was negligently constructed and maintained, and that by reason thereof it was damaged.

These facts sufficiently state a cause of action.

Judgment reversed.

Lennon, J., Seawell, J., Myers, J., Waste, J., Kerrigan, J., and Lawlor, J., concurred.