[Sac. No. 1902.   Department One.—December 13, 1911. ]

C. E. MARTZ, as Administrator of the Estate of Elmer W. Martz, Deceased, Appellant, v. AMERICAN BRAN GOLD COMPANY (a Corporation), Respondent.

DEFAULT JUDGMENT—MOTION TO VACATE—MISTAKE AND INADVERTENCE —ABSENCE OF SERVICE OF SUMMONS.—A motion by a corporation to set aside a default and judgment entered against it "upon the ground that said judgment was entered by mistake and by inadvertence; that no service has ever been made upon the defendant corporation herein," accompanied by a sufficient affidavit of merits, will be construed as one for relief under section 473 of the Code of Civil Procedure from a judgment taken against it through its mistake and inadvertence, even if it could be considered as also being a motion to set aside the judgment for want of jurisdiction of its person.

ID.—ABSENCE OF SERVICE AND WANT OF KNOWLEDGE OF ACTION—WAIVER OF WANT OF JURISDICTION OF PERSON.—On such a motion, the corporation defendant is entitled to have the judgment vacated, under section 473 of the Code of Civil Procedure, upon a showing that it was rendered without actual service of summons upon any officer or agent of the corporation, and without actual knowledge on its part of the pendency of the action.   This result follows, even if it be assumed that there was a waiver of the want of jurisdiction of the person of the defendant by reason of its voluntary appearance after judgment.

ID.—RIGHT TO RELIEF FOR MISTAKE AND INADVERTENCE.—On a motion to set aside a default judgment, the defendant may waive an objection of want of service of summons, and still have relief under section 473 of the Code of Civil Procedure on the ground of mistake and inadvertence.

APPEAL from an order of the Superior Court of Placer County vacating a default and judgment entered thereon. J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

A. K. Robinson, James D. Meredith, and J. B. Landis, for Appellant.

Ben P. Tabor, and C. H. Wilson, for Respondent.

ANGELLOTTI, J.—This is an appeal by plaintiff from an order setting aside and vacating the default of the defendant and the judgment in plaintiff's favor entered thereon.

The action was one for damages in the sum of twenty-five thousand dollars for the death of plaintiff's intestate, alleged to have been caused by the wrongful neglect of the defendant. The only attempted service of summons in said action was on August 23, 1909, and consisted of the delivery of a copy of the complaint and summons to one W. S. Fletcher in Placer County, said delivery being made to him as "the managing agent of said corporation." On May 3, 1910, the default of the defendant was entered, and on May 9, 1910, judgment was entered in favor of plaintiff for the relief demanded in the complaint, twenty-five thousand dollars and costs of suit. Execution was thereupon issued and levied upon property of defendant. The principal place of business of defendant corporation was at Long Beach, Los Angeles County, where both the president and secretary resided. Such corporation had been engaged in the business of mining in Placer County, and it was the theory of plaintiff that it was so engaged at the time of the attempted service of summons, and that said W. S. Fletcher was then its managing agent in that county.

On May 28, 1910, defendant served upon plaintiff's attorneys and filed a notice of motion to set aside the default and judgment "upon the ground that said judgment was entered by mistake and by inadvertence; that no service has ever been made upon the defendant corporation herein." The notice stated that the motion would be based upon the affidavits of J. F. Thompson and J. W. Delker, copies of which were served therewith, and upon the records and files in the case. The

affidavit of Mr. Thompson contained the matters essential to an affidavit of merits. In such affidavit, he further declared that W. S. Fletcher, upon whom the summons was served, was not at any time since April 5, 1909, connected with defendant corporation, either as agent, officer, employee, or stockholder, and further that Fletcher did not report to the officers of defendant that he had been served with summons. He further declared that no process had ever been served on any officer or agent of the company, and "that affiant did not know, and that none of the officers of said defendant corporation knew, of the institution of this suit until long after judgment was rendered therein and an execution issued and levied founded upon said judgment." The affidavit of J. W. Delker, the secretary of defendant, contained similar allegations as to Fletcher, and lack of knowledge prior to May 18, 1910, of the institution or pendency of the action. There was never any denial, either in any affidavit presented by plaintiff or otherwise, of any of the statements contained in the affidavits, except those in regard to the *status* of Fletcher as managing agent of the company.

On May 30, 1910, another notice of motion to vacate the default and judgment, to be based on the same affidavits, records, etc., was served, the exclusive ground stated therein being want of jurisdiction of defendant for the reason that there had been no service of process therein.

The motions so noticed were heard together, the affidavits hereinbefore referred to and numerous other affidavits, together with the files and records of the cause, being received in evidence on such hearing. The question of fact as to which the principal controversy existed on such hearing was whether Fletcher was, at the time of the attempted service of summons, the "managing agent of defendant," within the meaning of those words as used in subdivision 1, section 411 of the Code of Civil Procedure, providing that service of summons on a corporation formed under the laws of this state must be had by delivering a copy thereof "to the president or other head of the corporation, secretary, cashier, or managing agent thereof." Upon this issue there was a substantial conflict in the evidence, and the trial court expressly found in its order vacating the judgment and default that Fletcher at the time of such service "was not nor had he been for more than three months

the agent, managing agent, employee, servant, officer, or stockholder of the defendant corporation." It was, however, contended by plaintiff, upon the authority of *Security etc. Co.* v. *Boston etc. Co.*, 126 Cal. 418, [58 Pac. 941, 59 Pac. 296], that defendant had waived the want of service of summons by uniting with its motion for the vacating of the default and judgment on the ground of want of service, an application for relief on the ground of mistake and inadvertence, under section 473 of the Code of Civil Procedure. It was further claimed that it had waived such want of service by applying to and obtaining from the court two orders shortening the time that must elapse between the service of the notices of motion to vacate and the hearing thereon. The trial court, while apparently treating the motion as one based solely on the ground of want of service of process, expressly found in its order "that said corporation defendant had no knowledge of the pending of said action, nor of the entry of said default, nor of any of the proceedings in said action until after the issuance of execution herein," a conclusion absolutely required by the undisputed evidence if Fletcher was not the "managing agent" of the defendant, and it must be assumed, in view of the conflict of evidence on the latter point, and the express finding of the trial court thereon, that he was not such managing agent. The court concluding "that the defendant corporation was never served with summons herein and is entitled to have the default set aside and the said judgment vacated," decreed "that the default entered herein be, and is hereby set aside, and that the judgment entered herein on the 9th day of May, 1910, be and the same is hereby vacated, annulled and set aside," with leave to defendant to plead to the complaint within thirty days.

We do not deem it necessary to consider the question whether the defendant by the language of its first notice of motion, and its application for and taking of two orders shortening the time that must elapse between the service of its notices of motion and the hearing thereon, waived the objection of want of jurisdiction of its person. Regardless of that matter, we are satisfied that the first motion should be considered as one by defendant for relief under section 473 of the Code of Civil Procedure from a judgment taken against it through its mistake and inadvertence, even if it could be con-

sidered as also being a motion to set aside the judgment for want of jurisdiction of the person. It is to be observed that the notice of this motion does not in terms specify want of such jurisdiction as a ground of the motion. It does in terms specify that the motion will be "upon the ground that said judgment was entered by mistake and by inadvertence" following this immediately with the statement "that no service has ever been made upon the defendant corporation herein." A sufficient affidavit of merits accompanied the notice, a thing not essential to an attack for want of jurisdiction. The affidavits served, by copy, with the notice, stated facts sufficient to warrant the granting of the relief asked because of the excusable mistake and inadvertence of the defendant, for surely, even if the objection of want of jurisdiction by reason of want of legal service of the summons was waived by a voluntary appearance after judgment, the fact that none of the officers of the corporation had any knowledge of the institution of the action until after the judgment had been entered is a sufficient basis for a conclusion that the judgment was taken against the defendant through its excusable mistake and inadvertence. But it is needless to discuss this particular question further for plaintiff's contention that defendant waived the objection of want of service is based principally upon its further contention that defendant's motion was, in part, one for relief under section 473 of the Code of Civil Procedure on the ground of mistake and inadvertence. It is not to be doubted, of course, that a defendant may waive such an objection and still have relief under the section last referred to. .

So considering the motion, it is obvious that the order vacating the judgment and default was correct. Assuming that there was a waiver of the want of jurisdiction of the person of defendant by reason of its voluntary appearance after judgment, there was, according to findings of the trial court, sufficiently sustained by the evidence, no actual service of summons upon any officer or agent of defendant, and, according to another finding of the trial court sustained by undisputed evidence, if Fletcher was not the managing agent of defendant (as is established by the former findings), no actual knowledge on the part of said defendant of the pendency of the action. Such a state of facts manifestly required that the motion for relief under section 473 should be granted, in order that de-

fendant might have an opportunity to be heard upon the merits. So that, whatever may have been the exact reason for the action of the trial court, its order that the judgment and default be vacated was one that it was bound to make, in view of the facts found.

The order appealed from is affirmed.

Shaw, J., and Sloss, J., concurred.