[Civ. No. 6843. Second Appellate District, Division Two.—August 26, 1931.]

ETHEL D. PHILLIS GREENAMYER, Respondent, v. BOARD OF LUGO ELEMENTARY SCHOOL DISTRICT, etc., et al., Appellants.

320

Everett W. Mattoon, County Counsel, and Gordon Boller, Deputy County Counsel, for Appellants.

Tanner, Odell & Taft for Respondent.

THOMPSON (IRA F.), J.—A petition for the writ of *mandamus* was filed by plaintiff in the court below. The defendants interposed a demurrer on general and special grounds which was sustained. Judgment was thereafter entered and this is an appeal from an order vacating that judgment.

The points now raised by appellants will be more readily understood if we set down all the facts surrounding the making of the order. The petition alleged the removal of respondent, who was classified and employed as a perma-

nent teacher in the Lugo Elementary School District, by the Board of Education of that district upon charges which it was alleged were untrue, frivolous and concocted for the purpose of depriving her of her means of livelihood; that such removal was null and void, and asking that she be restored to her position. The petition was filed December 7, 1928. As stated, a demurrer was interposed on the grounds that the petition did not state facts sufficient to constitute a cause of action and on the further ground that C. F. Mercer, the superintendent of the district, was improperly joined as a party defendant, with the members of the Board of Education. The demurrer was submitted on briefs and on January 14, 1929, an order was made in the following words: "Demurrer to petition is sustained." Judgment was entered thereon January 28, 1929. On April 30, 1929, the respondent gave notice that she would move to set aside the judgment on the ground that it was entered after a minute order sustaining a demurrer without any notice having been served on her of the ruling thereon as required by law, and on the further ground of inadvertence and excusable neglect. The motion was supported by an affidavit of one of her counsel to the effect that the order sustaining the demurrer was made after the issues of law had been submitted on briefs and was not without leave to amend; that the defendants did not serve any notice of the ruling on plaintiff or her lawyers; that the judge did not designate whether the general or the special demurrer was sustained; that counsel relied upon the law and the rules of court to the effect that the time to file an amended petition commences to run with the service of a notice of the ruling on the demurrer; that as a consequence plaintiff did not know until April 8, 1929, that judgment had been signed and filed; that the neglect, if any, was excusable for the reason that the law governing the procedure in cases similar to the one of the respondent was not certain or clear or decided; that an appeal from the decision of the appellants had been taken to the county superintendent of schools, which required a great deal of time and attention; that in the meantime an action involving identical questions was pending before the Supreme Court entitled *Saxton* v. *Board of Education of the City of Los Angeles,* which proceeding had been determined within the preceding ten days, hold-

ing that the superior court had jurisdiction to try charges *de novo;* that while it was not stipulated between counsel that no proceedings would be taken pending the appeal to the county superintendent, yet counsel for plaintiff relied upon counsel for appellants to notify him of any action taken in court and therefore made no examination of the record until the decision in the Saxton case; that in forty-two years of practice affiant had never taken a default on an attorney without first serving him with actual notice or calling him on the telephone and he believed that to be the universal custom among practicing attorneys; and that the demurrer was sustained on the ground of misjoinder of parties and plaintiff was desirous of admending. An unverified amended petition dropping the superintendent of the district as a party defendant was tendered with the motion. Affidavits in opposition were filed by appellants, but it is unnecessary to set forth their contents. Respondent also filed counter-affidavits in which it was made to appear that the trial judge, in ruling upon the demurrer, felt himself governed by the opinion of the District Court of Appeal in the Saxton case, not knowing that the Supreme Court had transferred the cause to itself for decision; and that it was not true that counsel for plaintiff ever received any notice of the entry of the judgment, although they did receive a notice from clerk of the court stating that the demurrer was sustained. It does appear that a decision was rendered by the District Court of Appeal on August 16, 1928, in *Saxton* v. *Board of Education of the City of Los Angeles* (see [Cal. App.] 269 Pac. 764), holding that *mandamus* would not lie and that a plain and adequate remedy at law was provided by an appeal to the county superintendent of schools. However, the case was transferred to the Supreme Court (206 Cal. 758 [276 Pac. 998]) prior to the hearing of the demurrer in the instant case and the opinion rendered therein was set aside and was of no force or effect. The trial court therefore, as subsequently developed, erred in its ruling on the demurrer. With this background we turn to an examination of the contentions advanced by the appellants.

■ Grouping the first two arguments together it is said that the judgment taken against the respondent was not a default judgment and for that reason it could not be set

aside upon a motion made under the provisions of section 473 of the Code of Civil Procedure for the reason that it was not entered as the result of inadvertence or excusable neglect on the part of the respondent. Our attention is directed to section 6b of rule XX (as it existed on January 14, 1929), of the "Rules Regulating Business of the Superior Court" adopted by the Judicial Council. It reads as follows: "When a demurrer is sustained, with leave to amend, the court shall fix the time within which such amendment or amended pleading may be filed. Except upon good cause shown, such time shall not exceed ten (10) days."

Rule XXVIII of the same origin as it existed at the time says: "The foregoing rules shall supersede all rules of the Superior Court of the State of California in conflict therewith."

Rule XXI of the Superior Court of Los Angeles County adopted by the judges thereof and in effect at the time, unless superseded by the Judicial Council rule already quoted, reads in its pertinent part as follows: "When a demurrer to a pleading shall be sustained, the adverse party shall have ten days in which to amend, unless otherwise ordered by the court." Assuming without deciding that the council has the authority by virtue of the provisions of subdivision 5 of section 1a of article VI of the state Constitution which confers upon it the power to "adopt or amend rules of practice and procedure for the several courts not inconsistent with laws that are now or that may hereafter be in force" to supersede or set aside a rule adopted by the judges of the superior court who have acted pursuant to the provisions of section 129 of the Code of Civil Procedure, which says: "Every court of record may make rules not inconsistent with the laws of this state, for its own government and the government of its officers, . . .", the first question which arises is: Are the two rules in conflict, or to put it in another way, does that portion of rule XXI which we have quoted merely supplement section 6b of rule XX adopted by the council? The one says that the court shall fix the time for amendment when permission to amend is granted; and the other says that when no further order is made than "demurrer sustained" that permission to amend is granted, and the time is fixed at ten days. In the interest of clarity we may assume a county with but

one judge who, reading the rule of the Judicial Council already quoted, adopts and promulgates a rule in the words of the rule of the superior court under consideration. In effect the judge would be saying: "To me is left the discretion of saying when permission shall be granted to amend and how much time shall be given therefor. I now say generally that whenever I sustain a demurrer without further order the adverse party may amend and time therefor is fixed at ten days. If I feel that the party should not have leave to amend I shall say so or if I feel that he should have less or more than ten days to amend I shall say so." We find no conflict between the two, hence the last quoted rule is still in effect and the respondent had ten days within which to file an amended petition for the writ of mandate, which time began to run from actual notice or the service of notice of the order of the ruling on demurrer. (Sec. 476, Code Civ. Proc.; *Barron* v. *Deleval*, 58 Cal. 96; *Estate of Keating*, 158 Cal. 109–114 [110 Pac. 109].) From this it follows that the judgment taken against the respondent was due to the neglect and failure of her counsel to present an amended petition. We are then faced with the question of whether any excuse was shown justifying the court in its action and also whether it was necessary for the respondent to present an affidavit of merits or a verified petition with her motion or whether a sufficient showing was made.

Preliminarily it may be said that if any questions of fact were raised by the affidavits they must be resolved in favor of the respondent. It is for that reason that we did not set forth the contents of the counter-affidavits filed by the appellants. Also it should be added that a motion to set aside a default is addressed to the sound discretion of the trial court and will not be set aside in the absence of a showing of a clear abuse of discretion, it being the policy of the law as well to favor a hearing on the merits (*Waybright* v. *Anderson*, 200 Cal. 374 [253 Pac. 148]). We are inclined to believe that had the motion been denied it would have been clearly within the discretion of the trial court. But having been granted, we find it difficult to say there was a clear abuse of discretion. The affiant says that in forty-two years of practice he has never taken a default on an attorney without giving him actual notice

either oral or written and he believes that to be the universal custom among members of the ancient and honorable profession. That he did so believe is to a degree supported by a quotation he makes in his affidavit from his closing brief filed with the county superintendent long after the judgment was in fact filed, a part of which reads as follows: "Counsel has not yet had judgment entered on the demurrer of Judge Tappaan. We presume he has been waiting for the decision on this appeal, which we think is a proper course to take, for if the county superintendent vacates the judgment of the Board of Trustees, there will be no need of further proceedings in *mandamus*." Furthermore, it is patent that not only the judge but also the attorney was unaware (at least at the time the demurrer was sustained) of the fact that a transfer to the Supreme Court had been ordered in the case of *Saxton* v. *Board of Education*. The procedure to be followed in the case, i. e., whether an appeal to the county superintendent was the sole remedy or whether a writ of *mandamus* in the superior court was the proper remedy, as he says in his affidavit, was greatly in doubt until the decision of the Supreme Court. Taking the entire situation into consideration, we are unable to say that there is a showing of that clear abuse of discretion which would warrant us in overturning the order.

The question remains: Was it essential that respondent present an affidavit of merits, or was a sufficient showing of merits made? Under the authority of *Saxton* v. *Board of Education,* 206 Cal. 758 [276 Pac. 998], the original verified petition stated a cause of action although demurrable on account of the misjoinder of parties, and the amended petition although unverified stated a cause of action. Had it not been for the mistake of fact under which counsel and the court labored in believing the opinion of the District Court of Appeal to be an existing opinion, the order sustaining the demurrer would probably have indicated that it was sustained solely on account of the misjoinder of parties. The reason for the rule requiring an affidavit of merits is that a valid judgment should not be set aside unless it is made to appear, *prima facie*, that a different result would probably be reached. (*Bailey* v. *Taaffe,* 29 Cal. 422; *Parrott* v. *Den,* 34 Cal. 79; *Nickerson* v. *California Raisin Co.,* 61 Cal. 268.) Of course an affidavit

of merits is not required where the judgment is invalid for want of jurisdiction. (*Martz* v. *American Bran Gold Co.,* 161 Cal. 531 [119 Pac. 909].) Nor is it necessary in a divorce case where the public interest is involved. (*Rehfuss* v. *Rehfuss,* 169 Cal. 86 [145 Pac. 1020].) Also a verified answer which discloses a good and meritorious defense satisfies the reason for the rule. (*Sampanes* v. *Chazes,* 54 Cal. App. 612 [202 Pac. 462]; *Waybright* v. *Anderson, supra.*) This last statement of the law brings us to a point, where if the order is to be sustained, it must rest. Counsel for petitioner and respondent swore that respondent did not have a fair trial before the Board of Trustees for the reason that two of them (naming them) "had decided to dismiss her as the evidence shows" (referring of course to the evidence taken before the board). He also swore as follows: "that the charges against" respondent "were frivolous and untrue, as she claims; hearsay testimony and rumors of all sorts were admitted in evidence to the prejudice of Mrs. Greenamyer and in accordance with the advice of . . . counsel, who acted as prosecutor as well as counsel for the Board of Trustees. This is one of the cases mentioned in the Saxton case in which it was necessary to have a fair, just and impartial trial in a court of competent jurisdiction where the prejudices of members of the school board and political influences shall have no bearing. It will be a denial of justice to refuse to set aside the judgment entered in this case." In order to distinguish this case from some others where the attorney has attempted to subscribe to an affidavit of merits, let us observe that here the statement is unequivocal that the charges were frivolous and untrue; that hearsay and all kinds of rumor were admitted; and that respondent did not have a fair and impartial trial. In the case of *Gray* v. *Lawlor,* 151 Cal. 356 [12 Ann. Cas. 990, 90 Pac. 691], there was an application to set aside a judgment by default in an action to quiet title. The motion was denied and the Supreme Court reversed the order, saying: "From the fact that the relief to be afforded is the privilege of answering 'to the merits of the original action' the condition is implied that the defendant must have a sufficient answer to present—that is, he must have a good defense to the action on the merits. This being one of the conditions of the statute, the defendant must show that such defense

exists. The defendant in this case has complied with this rule. He avers in his affidavit that he is now, and at all times mentioned and for more than ten years last past has been, the owner of and entitled to the possession of the property described in the complaint. This, if true, is a complete defense to the cause of action sued on.'' In other words, the allegations of fact were a sufficient showing *prima facie* that a different judgment would probably result. Again the Supreme Court in *Guardianship of Van Loan,* 142 Cal. 423 [76 Pac. 37], accepted recitals in an affidavit as a sufficient showing of the merits. In that case the paternal grandmother had been appointed as guardian of a four year old minor. The mother made a motion to set aside and vacate the order and in her affidavit stated ''that she was a fit and proper person to have the control, custody, and care of the minor, and could and would, with the assistance of her parents, furnish the minor with a comfortable home and bestow upon her a mother's affection, care, attention, and control''. The Supreme Court in passing upon the appeal from the order granting the motion first said: ''The showing thus made by the mother was clearly sufficient to justify the court in vacating the order appointing appellant as guardian and the letters of guardianship issued to her, so as to enable the mother to be heard upon the question as to the necessity of the appointment of a guardian, and as to whether she should be deprived of the custody of her child.'' Again it said: ''The court could not thereon (upon the motion) determine any question as to the ultimate custody of the child, and the sole question properly before the court was as to whether the mother should be relieved from the proceedings taken against her by surprise and through her excusable neglect. The statements in her own affidavit as to her competency were a sufficient showing of merits in this behalf.'' So here, if it be true that the respondent was discharged upon charges that were frivolous and untrue and upon hearsay and rumor, and if two of the trustees were prejudiced against her she ought to have her day in court. From the entire situation we are satisfied that a sufficient showing of merits was made out to warrant the order.

Order affirmed.

Works, P. J., and Craig, J., concurred.