[L. A. No. 16665.   In Bank.—July 19, 1938.]

CHARLES McNEIL et al., Respondents, v. MAURICE BLUMENTHAL et al., Appellants.

R. D. McLaughlin, Walter I. Lyon, Walter T. Casey and Albert Lee Casey for Appellants.

Entenza & Gramer and Don L. Gilman for Respondents.

THE COURT.—This is an action for rescission of a contract to sell oil interests and for an accounting. On August 10, 1937, the trial court sustained defendants' demurrer to the complaint, allowing plaintiffs twenty days within which to amend. On November 2, 1937, no amended complaint having been filed, defendants moved to dismiss the action. This motion was granted. Thereafter plaintiffs moved to set aside the dismissal on grounds of mistake, inadvertence, and excusable neglect of counsel (sec. 473, Code Civ. Proc.), supporting the motion by affidavit of counsel and proffering a proposed amended pleading. Defendants' attorneys filed a counteraffidavit, and on November 24, 1937, the matter was heard. The trial court granted the motion, ordering that the judgment of dismissal be set aside and that plaintiffs be permitted to file their amended complaint. Defendants appealed from this order. Plaintiffs now move to dismiss the appeal or affirm the order.

The appeal presents no substantial question. It is a settled principle of law that motions for relief from default under the remedial provisions of section 473, *supra,* are addressed to the sound discretion of the trial court, and the exercise of that discretion, in the absence of a clear showing of abuse, will not be interfered with by an appellate tribunal. (*Lewith* v. *Rehmke,* 217 Cal. 563 [20 Pac. (2d) 687] ; *Greenamyer* v. *Board of Lugo, etc.,* 116 Cal. App. 319 [2 Pac. (2d) 848].) The record in this case contains no showing of abuse of discretion.

The time for filing of the amended complaint was twice extended by written stipulation. The first stipulation was made at the instance of defendants' counsel, and extended the period to September 13th; the second stipulation was for a further extension to November 1st. Prior to that date, so

plaintiffs' attorney avers, the amended complaint was prepared and ready for filing, but on October 29th plaintiffs engaged associate counsel who asked to examine the pleading before it was filed. Affiant therefore telephoned defendants' counsel on October 29th and again on Monday, November 1st, for the purpose of requesting a few days additional time, but was unable to reach them. Affiant avers that his secretary was ill and that he was busily engaged in court over this period, and thus the time was inadvertently allowed to lapse without securing an extension. Defendants' application for a dismissal was made immediately upon expiration of the period fixed by the stipulation, November 2d. Thereafter plaintiffs moved promptly for relief from the judgment.

Upon this showing and that made in the counteraffidavit it became a matter within the exercise of the sound discretion of the trial court to either grant or deny relief under section 473, *supra*. The court found that it was a proper case for the granting of relief, and this conclusion will not be disturbed.

The order is affirmed.