[Civ. No. 13123. First Dist., Div. Two. Dec. 20, 1946.]

AGNES HAMBRICK, Appellant, v. WILLIAM A. HAMBRICK, JR., Respondent.

Gladstein, Andersen, Resner, Sawyer & Edises for Appellant.

Margaret Cofer for Respondent.

GOODELL, J.—This is an appeal from an order vacating an interlocutory judgment of divorce on motion of the defendant made under section 473, Code of Civil Procedure.

On August 6, 1945, appellant sued respondent on the ground of extreme cruelty and on the same day respondent was served with summons and complaint. He failed to appear; his default was entered on August 30, and on that day the case was tried and an interlocutory judgment in appellant's favor was filed.

On October 17, a notice was served on appellant stating that on October 25, respondent would move for an order setting aside the default judgment on the ground that it had been obtained through respondent's "mistake, inadvertence, surprise, excusable neglect, lack of benefit of legal counsel" and inexperience in legal matters.

Respondent's supporting affidavit shows that the summons had been served in the office of appellant's counsel and that a property settlement agreement had been signed in the same office. It shows that respondent had thought he would be entitled to notice of the time and·place of trial, and "to be heard by the Court in his own defense"; that although he had been told that if he did not answer "the case would 'go by default,' due to his lack of benefit of legal counsel and to his own inexperience in legal matters, [he] did not understand what was meant by the terms 'answer' and 'default'; that he did not understand that a default judgment would be entered

against him without further notice to him.'' A showing of merits is contained in the same affidavit.

Appellant's counteraffidavit shows that she was without funds to pay counsel; that the motion was not made in good faith or founded on fact; that the respondent has no grounds for divorce against appellant; that respondent was then $175 in arrears, and therefore in no position to ask for relief. Another counteraffidavit, made by appellant's counsel, shows that there were several conferences between the spouses in his law office, culminating in the contract, during which period respondent stated that he would probably consult his attorney, but that no attorney ever communicated with appellant's counsel. It states that the respondent is an educated man and the publisher of a newspaper; that appellant's counsel explained the entire contents of the agreement·to respondent, who thoroughly understood the effect of what he was doing, and who expressed his satisfaction with the agreement. It states that on respondent's inquiry whether he would have to go to court, appellant's counsel advised him that he would not unless he wished to; that respondent informed appellant's counsel that he did not wish to contest the action and that he knew he and his wife could not live together in peace and harmony; that respondent knew, and was also advised by appellant's counsel, that in addition to the charge of extreme cruelty there was another charge which could have been alleged, and that respondent tacitly admitted there would be no defense thereto if made. It states further that after the entry of the interlocutory judgment appellant's counsel immediately informed respondent of that fact, and that about the middle of August, and before the entry of judgment, respondent called at the office of appellant's counsel and signed a deed conveying certain property to appellant pursuant to the contract. It concludes with the statement that respondent had been fully advised of his rights and understood everything that occurred.

At the hearing appellant's counsel stated preliminarily that respondent was $175 in arrears; that appellant had no funds wherewith to pay counsel and that $150 should be allowed to enable her to resist the motion. He asked that the hearing be continued until such payments were made, while disclaiming any intent to have respondent adjudged in contempt. The court deferred action on the money matters.

Respondent was not represented by an attorney during the negotiation of the contract, which contract admittedly was

drawn by appellant's counsel. Respondent testified that he had thought he would receive notice of the trial, and that he knew nothing about it until three days after judgment. In answer to the question by the court whether he would have contested the divorce, respondent answered, "No, I would not have stopped her from getting a divorce. Q. Would you have contested it? A. I would have—— if she wanted a divorce, I would have let her get the divorce, but I would not—— I would have defended myself in case any untrue statements were made. After I got to thinking about that amount—— if they had said $1,000 a month, why, I would have said yes, I would have said anything, because under the condition I was in then—— well, I could not sleep——"

The court reopened the case on condition that respondent pay the $175 arrearage and $100 attorney fee, all of which was paid.

██ "It is the well-established policy of the law to have legal controversies tried upon their merits, and unless it can be determined as matter of law that a trial court has abused its discretion in setting aside a default of a party and permitting an answer to be filed, the court on appeal will not reverse such an order. The decisions on these points are so numerous and unvarying that it is not necessary to refer to them." (*Kalson* v. *Percival*, 217 Cal. 568, 569 [20 P.2d 330].) See, also, *Waybright* v. *Anderson*, 200 Cal. 374, 377 [253 P. 148]; *Brill* v. *Fox*, 211 Cal. 739, 743-4 [297 P. 25]; 14 Cal.Jur. pp. 1075-6.

Appellant's counsel with commendable frankness at once recognize these rules but contend that the court abused its discretion because the record shows "the real purpose of the motion was not to try the divorce action on its merits, but was to set aside the agreement of property settlement," and they point to the following statement, made by respondent's counsel at the opening of the hearing: ". . . we are making this motion to set aside the default, due to the fact that the defendant is unable to make such payments. . . ." This, it must be admitted, had nothing to do with the merits of the motion under section 473, but if, apart from its irrelevancy a proper case was nevertheless made out, the relief should not be denied because of an erroneous statement (see *Beard* v. *Beard*, 16 Cal.2d 645, 648 [107 P.2d 385]). The fact that a suit is now pending, brought by respondent to rescind the property settlement agreement, indicates that he must have

known that such agreement could not be upset or modified or his obligations thereunder diminished by his motion under section 473.

. However, the interlocutory judgment contains the provision "that the property settlement entered into between the parties is approved and is deemed incorporated in this decree, and this court reserves jurisdiction to at any and all times enforce the provisions thereof." The fact that such agreement was negotiated and signed in the office of appellant's counsel (between the time of service of summons and the entry of default) without the respondent being represented by his own counsel (see *Swart* v. *Johnson*, 48 Cal.App.2d 829, 833 [120 P.2d 699]) might have weighed with the court in the exercise of its discretion.

The answer (quoted earlier) to the question whether respondent would have contested the divorce, is claimed by appellant to suffice, by itself, to defeat respondent's motion because (it is argued) it shows that he never intended to contest. While disjointed and difficult to follow, the answer concludes: "I would have said anything, because under the condition I was in then——well, I could not sleep. . . ." These concluding words are susceptible of the interpretation that the respondent was at that time somewhat distraught and nervous and, presumably, the judge so concluded. The presumptions are in favor of the court's action (*Stub* v. *Harrison*, 35 Cal. App.2d 685, 690 [96 P.2d 979]). The weight and effect of this testimony was purely a matter for the judge's judgment and within his discretion. There is nothing in appellant's counteraffidavits or in the record of the hearing to contradict or question this testimony as to respondent's mental or nervous condition at the time in question. Moreover, in his affidavit respondent deposed that he did not know what "default" or "answer" meant.

The counteraffidavit of appellant contains no statement of fact other than that she is without the wherewithal to resist the motion. It states that the motion is not made in good faith or founded on fact, which are merely conclusions. It states that respondent has no ground for divorce against her; he, of course, could have a meritorious defense without such grounds. And it states he is $175 in arrears. The counteraffidavit filed by appellant's counsel has been already summarized. These counteraffidavits, particularly that of appellant's counsel, were for the action of the judge who heard the

motion, and it was his function, and is not ours, to decide between them and the affidavit of respondent, in connection with the testimony at the hearing.

Counsel for appellant, as we have seen, concede that in the absence of a clear showing of abuse of discretion an appellate court will not disturb the order. They must concede, also, that the burden of showing such abuse of discretion is on the appellant (*Stub* v. *Harrison,* 35 Cal.App.2d 685, 690 [96 P.2d 979]). No such showing has been made herein.

Appellant cites *Weinberger* v. *Manning,* 50 Cal.App.2d 494 [123 P.2d 531]. The facts of that case are totally dissimilar from those in the instant case. The *in*excusable neglect of the defendant there, who moved to set aside a default, was so aggravated as to evoke such language in the opinion as "an attitude of contemptuous disregard for legal process"; "trifling with the courts"; "reprehensible." ·

█ As has been said repeatedly: ". . . An appellate court, owing to the remedial character of the statute and the policy of applying it liberally to permit an opportunity to present a substantial defense, listens more readily to an appeal from an order denying relief than to one granting relief. . . ." (14 Cal.Jur. 1076; see, also, *Waybright* v. *Anderson,* 200 Cal. 374, 377, *supra,* and cases cited; *Brill* v. *Fox,* 211 Cal. 739, 743-4 [297 P. 25]). Even in a case where the showing under section 473 is not strong, or where there is any doubt as to the setting aside of a default, such doubt should be resolved in favor of the application (14 Cal.Jur., p. 1076).

The order is affirmed.

Nourse, P. J., and Dooling, J., concurred.