[Civ. No. 8680. Third Dist. Nov. 30, 1955.]

NORA E. SCHMITT, Appellant, v. JOE MORTON LUMBER COMPANY et al., Respondents.

Matthews & Traverse for Appellant.

Blaine McGowan for Respondents.

VAN DYKE, P. J.—This is an appeal from an order setting aside a default and a default judgment in an action brought to recover damages for breach of contract. Plaintiff appeals.

Appellant's complaint was filed on October 13, 1953. Summons was served upon defendants on January 8, 1954, but they failed to appear or answer within time. On January 21st a default was taken and judgment was entered in favor of plaintiff. Notice of motion to set aside the default and the judgment was filed February 5th. The supporting affidavits contained the following averments: Prior to January 8th respondents engaged an attorney to represent them in any litigation which might arise from the matters upon which the present suit is based and, therefore, when on January 8th summons was served they left the copies of complaint and summons with the secretary of respondents' attorney who assured them the matter would receive the attorney's attention. However, at that time the attorney was absent from his office upon the advice of his physician. He returned to work on January 12th and was then apprised of the pending action and of the deposit of the papers in his office by respondents. He failed to make a timely appearance. His excuse was that due to poor health and the pressure of other business he inadvertently let the time for pleading lapse. He was then spending a limited amount of time at his office because his doctor had advised a curtailment of his activities due to a coronary disturbance he had recently suffered and an attack of intestinal influenza which left him weak and subject to severe coughing spells and nausea. He urged his condition upon the trial court as his excuse for inadvertently failing to file his client's appearance in the action.

It is well settled that motions for relief from default under the remedial provisions of section 473 of the Code of Civil Procedure are addressed to the sound discretion of the trial court and the exercise of that discretion, in the absence of a clear showing of abuse, will not be interfered with by an appellate tribunal. (*McNeil* v. *Blumenthal,* 11 Cal.2d 566 [81 P.2d 566].) In the cited case the facts shown in excuse of default had been accepted by the trial court as justifying relief. On motion to either dismiss the appeal as frivolous or affirm the order the Supreme Court elected to affirm the order. We feel a similar factual situation is shown by the record here.

The order appealed from is affirmed.

Peek, J., and Schottky, J., concurred.