[Civ. No. 20086.   First Dist., Div. One.   Apr. 10, 1962.]

FREDERICK ARNKE, Plaintiff and Appellant, v. LAZ-
ZARI FUEL COMPANY, INC., Defendant and Re-
spondent.

Dinkelspiel & Dinkelspiel and Alan A. Dougherty for Plaintiff and Appellant.

William Klein and George F. Duke for Defendant and Respondent.

SULLIVAN, J.—Plaintiff appeals from an order vacating and setting aside a default and a default judgment.

Plaintiff's complaint, filed July 11, 1960, seeks recovery for money allegedly due on an oral construction contract. Summons was served on the defendant on July 18, 1960. Thereafter, the defendant received a number of extensions of time to answer the complaint, while the parties undertook negotiations for the settlement of the action. On February 9, 1961, the defendant's default was taken and judgment by default entered in favor of the plaintiff. On May 5, 1961, the defendant served and filed its notice of motion to vacate the default and set aside the default judgment. The motion was granted and the order herein appealed from entered on May 23, 1961.

The supporting affidavit of defendant's counsel, Mr. Klein, filed with the notice of motion to vacate stated: that the attorney for the plaintiff and the attorney for the defendant had conferences regarding the plaintiff's claims; "that by reason of the negotiations regarding the conflicting claims of the parties, the answer . . . was delayed"; that defendant's failure to answer was not wilful and "was occasioned by the circumstances surrounding this claim; that in addition thereto, your affiant has been ill and under the care of a physician."

The counteraffidavit of plaintiff's counsel, Mr. Dougherty, stated: that following the filing of the complaint, the parties, through their attorneys, began negotiations for settlement;

that in a letter to defendant's counsel dated November 16, 1960, Mr. Dougherty, after giving the plaintiff's position on certain matters then under discussion, stated: "Let us know what comments Mr. Lazzari has to make, and in the event that it does not appear that we can settle this matter, please get your answer on file . . ."; that on December 8, 1960, Mr. Dougherty again wrote to Mr. Klein giving the position of his client on a certain matter under discussion and stating that a settlement did not appear probable and "we would appreciate your getting your answer on file"; that on December 12, 1960, Mr. Klein replied by letter that he would take up the matter with his client and advise plaintiff's counsel; that on January 9, 1961, Mr. Dougherty again wrote requesting that an answer be filed, to which Mr. Klein replied under date of January 10, 1961, that he had been away from his office, but that he would communicate with his client, and advise Mr. Dougherty during that week; that on January 27, 1961, Mr. Dougherty again wrote Mr. Klein advising that "[u]nless an appearance is made on behalf of your client by Tuesday, February 7, 1961, we shall be compelled to take a default judgment"; that a default was taken on February 9, 1961, and judgment entered the same day; that on February 24, 1961, Mr. Klein wrote Mr. Dougherty advising that he had been absent from his office and expressing the hope that no default judgment had been taken; that on March 2, 1961, Mr. Klein was advised by telephone that a default judgment had been entered. There is thus no conflict in the affidavits.

The sole question for our determination is whether the trial court abused its discretion in making the order appealed from.

It is well settled that the granting or denial of a motion to vacate a default and a judgment based thereon, on the ground of mistake, inadvertence, surprise or excusable neglect, rests in the sound discretion of the trial court, and that the order of the trial court will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. (Code Civ. Proc., § 473; *McNeil* v. *Blumenthal* (1938) 11 Cal.2d 566, 567 [81 P.2d 566]; *Baratti* v. *Baratti* (1952) 109 Cal.App.2d 917, 921 [242 P.2d 22]; *Stephens* v. *Baker & Baker Roofing Co.* (1955) 130 Cal.App.2d 765, 772 [280 P.2d 39]; *Schmitt* v. *Joe Morton Lumber Co.* (1955) 137 Cal. App.2d 403, 404 [290 P.2d 32].)

It is also well settled, as it is stated in *Benjamin* v. *Dalmo Mfg. Co.* (1948) 31 Cal.2d 523, 525 [190 P.2d 593]

"that appellate courts have always been and are favorably disposed toward such action upon the part of trial courts as will permit, rather than prevent, the adjudication of legal controversies upon their merits. [Citations.]" (See also *O'Brien* v. *Leach* (1903) 139 Cal. 220, 222 [72 P. 1004, 96 Am.St.Rep. 105] ; *Jergins* v. *Schenck* (1912) 162 Cal. 747, 748 [124 P. 426] ; *Proulx* v. *De Moti* (1951) 106 Cal.App.2d 265, 269-270 [234 P.2d 1009].) In the *Jergins* case, *supra*, the court stated that "[a]ny doubt that may exist should be resolved in favor of the application [for relief under § 473], to the end of securing a trial upon the merits." Another expression of such liberal attitude is found in *Hambrick* v. *Hambrick* (1946) 77 Cal.App.2d 372, 377 [175 P.2d 269] : "Even in a case where the showing under section 473 is not strong, or where there is any doubt as to the setting aside of a default, such doubt should be resolved in favor of the application. . . ." ██ It has been declared therefore that the burden is on the appellant to show abuse of discretion by the trial court. Thus in the above and many other decisions we do find a persistence upon the part of reviewing courts to look with favor on the granting of relief under this remedial statute.

██ Applying these principles, we are of the opinion that the trial court did not abuse its discretion in granting relief in the instant case. It is uncontradicted that the parties were conducting negotiations for a settlement of the case. Although Mr. Dougherty made three requests of Mr. Klein to get an answer on file, the tenor of each letter is far from that of an ultimatum. It is a reasonable interpretation of these letters that settlement negotiations were still open, although possibly less encouraging. Until January 27, 1961, Mr. Dougherty gave no indication that he intended to take defendant's default. Obviously, during all of this period of over six months, plaintiff was extending defendant's time to plead. On February 24, 1961, Mr. Klein answered Mr. Dougherty's letter of January 27th, stating that he had been absent from his office and that he hoped no default had been taken. He did not learn until March 1st or March 2d that it had been taken. As we have pointed out, his affidavit states that he was ill and under the care of a physician. In addition, we find significant facts showing negotiations for settlement pending over a period of several months with some arrangement or understanding between counsel as to an extension of time to plead. This is suddenly changed on January 27th by an ultimatum from

plaintiff's counsel which apparently arrived at Mr. Klein's office when he was absent. This circumstance supplied the ingredients of surprise. In the light of these background facts, the trial court could well have concluded that Mr. Klein's absence from his office and Mr. Klein's illness, together with the past history of negotiation and permitted delay, excused his failure to file an answer. The illness of counsel for defendant, his ignorance of Mr. Dougherty's letter of January 27th, and the surrounding circumstances, constituted inadvertence, surprise and excusable neglect warranting the relief granted by the court. (*Schmitt* v. *Joe Morton Lumber Co., supra,* 137 Cal.App.2d 403.)

■ Nor do we feel that the defendant's application for such relief is unsupported by a showing of diligence. Defendant's counsel was informed of the default and default judgment on March 1 or March 2, 1961. His application for relief was made on May 5, 1961, a little over two months later. Appellant argues that the circumstances occasioning this delay were not presented to the trial court in support of respondent's application for relief and that therefore the order appealed from lacks justification in the record under the principles announced in *Bruskey* v. *Bruskey* (1935) 4 Cal.App.2d 472 [41 P.2d 203] and *Benjamin* v. *Dalmo Mfg. Co., supra,* 31 Cal.2d 523.

The affidavit of defendant's counsel in support of his motion to vacate the default contained among others, as we have pointed out, the allegation that "in addition thereto, your affiant *has been* ill and under the care of a physician." (Emphasis added.) This affidavit was executed April 28, 1961, seven days before the application was filed. Although the allegation may be considered as bearing upon the excuse for the default, it is to be noted that the verb is used in the present perfect tense. It is therefore not impossible to draw the inference that the allegation also pertains to the time period between March 1, 1961, when the affiant learned of the default, and April 28th. The trial court could have well considered Mr. Klein's illness as continuing during such period and as constituting an excuse for the delay in moving for relief. Although such showing is not strong and may even raise some doubt on the issue, nevertheless it was not unreasonable for the trial court to have so considered the allegation and thus resolved any doubt in favor of permitting an adjudication on the merits. (*Jergins* v. *Schenck, supra,* 162 Cal. 747; *Hambrick* v. *Hambrick, supra,* 77 Cal.App.2d 372.)

While our views on this issue must not be taken as a holding that a two months' delay in applying for relief under section 473 would be reasonable in all instances, nevertheless, in the case at hand, under familiar principles governing our review, we do not think the trial court's order was improper.

Contrary to appellant's claim, we think that *Benjamin* v. *Dalmo Mfg. Co., supra,* 31 Cal.2d 523, is therefore distinguishable from the case before us, since in the *Benjamin* case application for relief was made three and one-half months after knowledge of the default and "defendant furnished no explanation in the trial court, either by affidavit or testimony, for its dilatory procedure." (31 Cal.2d at p. 528.) In the case before us, as we have pointed out, there is some, albeit weak support, in Mr. Klein's affidavit. While it would have been preferable if he had given a clearer explanation for his delay in making the motion to vacate, we cannot say that the court abused its discretion in concluding that under all the circumstances the motion was made within a reasonable time. (Cf. *Freeman* v. *Goldberg* (1961) 55 Cal.2d 622, 625 [12 Cal.Rptr. 668, 361 P.2d 244].)

The order is affirmed.

Bray, P. J., and Tobriner, J., concurred.