[Civ. No. 6080. First Appellate District, Division Two.—March 22, 1928.]

VINA NICOL, Respondent, v. RAY H. DAVIS, Appellant.

Barry J. Colding, Theodore Hale and B. P. Gibbs for Appellant.

Daniel A. Ryan for Respondent.

BURROUGHS, J., *pro tem.*—This is an appeal by the defendant from an order of the superior court of the city and county of San Francisco vacating and setting aside the

judgment entered in said cause on August 26, 1925. The order was based upon a motion made by the plaintiff in accordance with the provisions of section 473 of the Code of Civil Procedure, on the ground of mistake, inadvertence, surprise, and excusable neglect. There are two assignments of error, either of which, it is claimed by the appellant, requires a reversal of the order.

First, that the order vacating the judgment was in excess of the jurisdiction of the court and therefore void;

Second, that there was no showing of mistake, inadvertence, surprise, or excusable neglect.

The complaint alleges a cause of action for personal injuries. The material allegations thereof are denied by the answer. The motion was heard upon affidavits, and upon the minutes of the court of August 26, 1927, which include therein certain statements made by the trial judge and which were considered in evidence on this motion.

It appears by the affidavit of Daniel A. Ryan, the attorney of record for the plaintiff, that this cause was originally assigned to department ten of said superior court, and thereafter transferred to department fifteen and set for trial therein for May 11, 1925. Because of the congestion of the calendar in said last-named department the trial of the action was not reached and the cause was carried on the trial calendar of said department fifteen until about August 1, 1925, when it was transferred to extra session number one, and placed at the foot of the trial calendar therein. On August 18th it was number thirteen in the order of cases set for trial, and on August 24th it had advanced to such an extent that it seemed probable the trial would be reached on August 26, 1925. That affiant, as attorney for plaintiff, had answered ready many times during this period and had at all times followed the progress of its advancement on the calendar to be ready for trial when called. On August 24, 1925, affiant was notified by the clerk of the superior court of Alameda County that another actiɔn pending in that court, in which affiant was an attorney, would be reached for trial on August 26, 1925; that on the twenty-fifth day of August he telephoned to Theodore Hale, attorney for defendant, and informed him of the conflict between the two cases, and requested that the instant case be continued to give affiant an opportunity to dispose of the Alameda County

case; that said Hale informed him he would consent to a continuance, but would like to have the cause tried on Friday, August 28th, or Monday, August 31, 1925; that immediately thereafter affiant communicated with the Honorable Louis H. Ward, judge of said extra session department one of said superior court, and informed him of the conflict of cases as aforesaid, and requested a continuance of the instant case; that said judge informed affiant that a continuance would be granted, provided counsel for defendant would consent thereto, but affiant would probably be compelled to pay the sum of $34, jury and reporter's fees for the day unless he, the judge, could get some other case to go on trial that day. To this affiant agreed. Believing he had obtained a continuance affiant gave to one R. E. Jeffress, an attorney who had offices with affiant, a check for $34, with instructions to go to said court when the case was called and pay the amount into court. Relying upon the above conversations, and believing he had a continuance, affiant went to Alameda County on the twenty-sixth day of August, and participated in the Alameda County case and did not know of the trial and entry of judgment in the instant case until about 1:30 o'clock P. M., August 27, 1925.

R. E. Jeffress stated in his affidavit that the attorney for plaintiff gave him a check for $34 to pay the jury and reporter's fees, and on August 26, 1925, at ten minutes past 10 o'clock A. M. he went into the courtroom of said court, taking with him $34 for the purpose of paying said fees; that he believed and understood the calendar call was at 10 o'clock A. M., but was unavoidably detained until the time stated; that when he arrived at said courtroom the calendar was being called and that the instant case had been passed on said call and there were no jurors present, nor was the attorney for the defendant present; that he thereupon interrupted the call of the calendar and asked the court for a continuance of the case, representing to the court that the attorney for plaintiff was engaged in the trial of a case in Alameda County; that the judge advised him that he would be compelled to pay the jury and reporter's fees in the sum of $52, which affiant stated he would do, but not having $52 in money with him, he thereupon asked the court if it would accept a check for the amount, but the court advised him to take the matter up

with the sheriff, and that affiant then stated to the court that he would procure the cash and pay the sheriff later; that affiant then asked the court if the cause could be tried the following Monday, to which the court replied that it could not be heard at that time, but would be continued to some time to suit defendant's counsel. Affiant, believing he had secured the continuance, left the courtroom to procure the cash to pay the sheriff. Affiant did not know, nor was he informed, that the jurors were in another department waiting to secure their fees or to try the case. When affiant reached his office for the purpose of procuring the balance of cash necessary to pay the fee, another attorney telephoned him that a jury had been impaneled in the above-entitled court, extra session number one, and was hearing this cause. Affiant immediately procured the money and returned to said court, and thereupon offered to pay the fee of $52, but the judge of said court informed him that it was too late, without the consent of counsel for defendant, and the latter refused such consent; that affiant also asked counsel for a continuance to allow him to send for plaintiff's attorney, which was refused.

The court in its statement says that when the attorney who appeared on the morning of the trial and asked for a continuance was advised by him that a continuance would cost him $2 for every juror who had been summoned and the ordinary costs of court, the attorney said he would get the money and bring it back. The court further says that the jurors were not in the room at that time and that they had been sent to department number five with a view of trying the instant case; that having waited from 10 minutes past 10 o'clock A. M. until 20 minutes past 11 o'clock A. M., and the attorney not appearing with the money, a jury was impaneled and the matter submitted to them without any evidence whatever.

It further appears from the record that when Mr. Jeffress returned to the courtroom he asked that further proceedings be stayed and offered to pay the $52 for the purpose of a continuance. At that time the jury had already been impaneled and the cause submitted to them and the foreman was about to sign the verdict. The court then asked if it was stipulated by both sides that the jurors were in the box, to which Mr. Jeffress replied that there were twelve

jurors there. The court further asked, after the verdict had been signed by the foreman and read, if either side desired the jury polled. Mr. Jeffress stated he would like to have the jury polled, which was done. Thereafter the court asked Mr. Jeffress if there was anything further, to which he replied there was nothing else.

By affidavit Theodore Hale, counsel for defendant, denied that he had consented to a continuance of the above-entitled cause, or did or said anything that would lead said Ryan to believe that said action had been or would be continued, although he conversed with attorney Ryan over the phone as to the latter's request for a continuance. He further said in his affidavit that, on the afternoon of August 25th, affiant had a phone call from attorney Ryan in which the latter said that his wife had been taken suddenly ill and removed to a hospital and that he would be unable to try the case on the following day and requested a continuance until August 31st; that affiant stated to him that under the circumstances of his wife's illness he could probably secure a continuance, but it could not be for a longer period than August 28th, if continued at all; that Ryan replied that he would send a representative out to court the next morning for the purpose of securing a continuance. Affiant further stated that when the cause was called on August 26, 1925, in extra session number one, at 9:45 A. M., there was no response on behalf of the plaintiff; that the court, after waiting and there being no appearance by the plaintiff, sent the jury to department number five of said court to try this action and that they remained in said department until 11 o'clock when they returned to extra session number one.

The foregoing is a sufficient statement of the evidence for a decision of the points raised on this appeal.

 In support of his contention that the order vacating the judgment was in excess of the jurisdiction of the court, counsel for appellant sets out in his brief the entire proceedings of the court held on August 26, 1925, from which he claims that the ruling of the court constituted an error of law which could only be taken advantage of by a motion for a new trial or on appeal from the judgment, but it appears from the foregoing statement of the evidence that at the time of the trial counsel for plaintiff was not in court and that he was resting secure in the mistaken belief that he

had secured a continuance of the cause and that all that remained for him to do was to pay the $34 jury and reporter's fees which the court had advised him would be necessary and that he had made arrangements that this be done.

It further appears from the foregoing statement of the evidence that the only authority of Mr. Jeffress was to appear for the purpose of a continuance and pay the money. His authority did not extend beyond that point. He was not an attorney of record in the cause and his statements concerning the jurors being present and the polling of the jury could not be construed as a general appearance binding on the plaintiff.

Section 473 of the Code of Civil Procedure provides in express terms that the court may ''upon such terms as may be just, relieve a party or his legal representatives from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect.''

The case of *Pearson* v. *Drobaz Fishing Co.*, 99 Cal. 425 [34 Pac. 76], is a case similar to the one at bar. In that case issue of fact had been joined and the cause placed on the trial calendar for October 6, 1891, and stood number seven thereon. Counsel for defendant was not present at the calendar call on that day but left someone to answer ready. The preceding six cases were disposed of and thereupon, in the absence of the defendant and its attorney, the plaintiff submitted his testimony and obtained a judgment in his favor. Within due time the defendant made a motion to vacate and set aside the judgment, but relief was denied by the trial court and on appeal the order was reversed by the supreme court, holding that, although the attorney for the defendant had been negligent, it was not inexcusable and that the best results would be obtained by a trial on the merits.

We have examined each one of the cases cited by appellant in support of his contention, but we do not consider them applicable to the facts of this case.

In *United Railroads* v. *Superior Court*, 170 Cal. 755 [Ann. Cas. 1916E, 199, 151 Pac. 129], cited by appellant, the trial court had granted an injunction *pendente lite*. It was held that the operation of the injunction could not be

stayed by motion granted under section 473 of the Code of Civil Procedure. The remedy was by appeal.

In each one of the other cases cited we find some distinguishing feature. We are therefore of the opinion that under the plain terms of section 473 of the Code of Civil Procedure, counsel's point is not well taken.

It is the next contention of appellant that there was no showing of mistake, inadvertence, surprise or excusable neglect. In response to this point it is sufficient to say that under the above evidence it clearly appears that counsel for the plaintiff had at all times carefully watched the progress of the cause on the calendar of the court and had answered ready whenever the case had been called; that when he discovered that two cases in which he was an attorney conflicted as to the date of trial, he made application for a continuance of the instant case and understood that the attorney for the defendant had agreed thereto, and that the court had also stated the cause would be continued upon his paying the jury and reporter's fees for the day. In accordance with that understanding he had sent the money to the court, and in absenting himself he believed he had secured the necessary continuance.

It also appears that when Mr. Jeffress appeared and offered to pay the fees fixed by the court, neither the jury nor counsel for the defendant were present, nor was he advised that they were in another department awaiting the payment of their fees; that when he left the courtroom to procure the additional money required for the payment of the day's fee, he believed a continuance had been granted. Under the circumstances it was for the court to determine whether this state of facts constituted mistake, inadvertence, surprise, or excusable neglect. It is true that counsel for defendant denied that he had consented to a continuance, but notwithstanding this, the ultimate determination of the question was in the sound discretion of the court and, having resolved it in favor of the plaintiff, its decision will not be disturbed on appeal.

In *Vinson* v. *Los Angeles Pac. R. R. Co.*, 147 Cal. 479, 483 [82 Pac. 53], we find the following language: "Whether or not the circumstances of a particular case are such that the mistake or inadvertence should be excused is a question the determination of which must, of necessity, be left largely

to the court to which application is made, and it is well settled that this court will not interfere with the exercise of the discretion of that tribunal, except in a case where a clear abuse of discretion is apparent. Particularly is this so where the discretion is exercised in favor of the granting of the relief sought, as such action tends to bring about a conclusion on the merits, which is always to be desired.''

In *Mitchell* v. *California etc. S. S. Co.*, 156 Cal. 576, at page 580 [105 Pac. 590, 593], it is said: ''Unless the record clearly shows that the court has abused its discretion, its order, whether it be to grant or deny the application, will be affirmed.'' And at pages 578, 579 we find the following language: ''The tendency of this court has always been to relieve parties from their defaults and mistakes, upon proper showing, to the end that matters may be heard upon the merits.'' And again it is said in that case: ''Section 473 of the Code of Civil Procedure is a remedial provision, and is to be liberally construed so as to dispose of cases upon their substantial merits, and to give to the party claiming in good faith to have a substantial defense to the action an opportunity to present it.''

The foregoing disposes of the only contentions advanced by the appellant for a reversal of the order of the court, and said claims being without substantial merit the order appealed from is affirmed.

Koford, P. J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 21, 1928.

All the Justices concurred.