[S. F. No. 14854. In Bank.—March 24, 1933.]

OTTO KALSON, Appellant, v. W. E. PERCIVAL, Respondent.

L. L. Steele for Appellant.

Bronson, Bronson & Slaven for Respondent.

THE COURT.—Plaintiff appeals from an order setting aside a default and judgment against the defendant entered on motion under section 473 of the Code of Civil Procedure. Briefly, plaintiff's contention is that the affidavit upon which the motion was based stated no meritorious case of surprise, mistake, inadvertence or excusable neglect, and therefore the court abused its discretion in setting aside the default.

█ It is the well-established policy of the law to have legal controversies tried upon their merits, and unless it can be determined as matter of law that a trial court has abused its discretion in setting aside a default of a party and permitting an answer to be filed, the court on appeal will not reverse such an order. The decisions on these points are so numerous and unvarying that it is not necessary to refer to them.

█ Plaintiff was suing defendant for damages suffered as the result of an automobile accident. The motion to set the default aside was heard on counter-affidavits. Aside from counter-averments on the question of excusable neglect, the affidavits of the respective parties as to the date of service are in conflict. Affidavits on behalf of the plaintiff averred that defendant was served with summons on December 26, 1931. Defendant's affidavit alleged that he was not served until January 3, 1932. From the minute order of the court and plaintiff's notice of appeal, it appears that the default was entered on January 7th. Assuming, as urged by the appellant, that the defendant seems to have regarded any liability resting upon him because of the accident in an indifferent manner, and that he was guilty of neglect in the matter, it was the duty of the trial court to pass on the entire question, including the conflict in the evidence before it as to the date of service.

With such conflict in the record before us, we are not able to say, as a matter of law, that the trial court was guilty of any abuse of discretion. Consequently, the order setting aside the default of the defendant and the judgment in the action is affirmed.

Rehearing denied.