[Civ. No. 10623.   Second Appellate District, Division One.—July 17, 1936.]

AGATHA ARCHER et al., Appellants, v. CITY OF LOS ANGELES (a Municipal Corporation) et al., Defendants; LOS ANGELES COUNTY FLOOD CONTROL DISTRICT (a Body Politic and Corporate), Respondent.

Dempster & Dempster, J. H. Creighton and Jerrell Babb for Appellants.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondent.

WHITE, J., *pro tem.*—This is an appeal by plaintiffs from a judgment in favor of defendant Los Angeles County Flood Control District, entered after the demurrer of respondent district to the first, fourth and fifth causes of action of plaintiffs' second amended complaint was sustained by the court below without leave to amend.

Plaintiffs undertake to state causes of action based upon damages to their real property resulting from the negligent building, construction and operation of an artificial drainage system over the drainage area commonly known as La Ballona Creek, near Venice, in Los Angeles County; alleging that by means of said drainage system the surface waters falling and collecting upon the said drainage area have been diverted from their natural flow and collected into large underground conduits and underground laterals to said conduits, said water being thereby prevented from spreading out over the strip of land referred to as La Ballona Creek, as said waters theretofore had, and that as a result thereof said surface waters are no longer permitted to find their way slowly to the Pacific Ocean, as they theretofore had, before the construction by respondent of the drainage system. The first cause of action further alleges that as a result of the construction by respondent of said artificial drainage system, the surface waters are "diverted, concentrated and accelerated to such an extent that when they arrive at a point near Venice, the La Ballona Lagoon . . . is not of sufficient size to properly carry said waters, so diverted . . . into the Pacific Ocean", as a result of which, it is alleged, the storm waters overflowed and inundated portions of Venice, including plaintiffs' properties, said waters standing thereon from six to eight feet, and remaining for three or four days before such water could make its way to the Pacific Ocean. The allegations of the three counts of plaintiffs' second amended complaint in question here are substantially the same. Respondent contends that plaintiffs' complaint simply alleges that their damage was caused by the inadequacy of the outlet of La Ballona lagoon to the Pacific Ocean; that this was the primary and efficient cause of plaintiffs' damage; that respondent did not produce it, and had nothing whatever to do with it. We cannot agree with respondent in this claim. The gist of appellants' sec-

ond amended complaint, as we view it, is that respondent constructed and built an artificial drainage system so defectively, carelessly and negligently that it would not carry the storm waters to the Pacific Ocean as designed and intended. Appellants in their second amended complaint further allege that "had . . . [defendant Flood Control District] . . . not changed the natural course of said storm waters or in any wise interfered with the natural flow of such waters, the storm waters of said drainage area would have naturally flowed into the Pacific Ocean and would not have risen to such tremendous heights and flowed over Venice and the property of plaintiffs". It is further alleged, in effect, that the injury to the appellants occurred by reason of the fact that respondent negligently turned the storm waters into La Ballona lagoon, which was too small to conduct the water turned into it by and through the drainage system constructed, operated and maintained by respondent, by reason of which appellants were damaged.

Averments alleged substantially as herein were held to sufficiently state a cause of action in *Pacific Seaside Home* v. *Newbert P. Dist.*, 190 Cal. 544, 546 [213 Pac. 967]. (See, also, *Elliott* v. *County of Los Angeles*, 183 Cal. 472 [191 Pac. 899].) In our opinion, the complaint herein sufficiently sets forth a cause of action wherein property has been damaged by works constructed for public purposes, and no compensation has been provided or paid in advance, as required by the Constitution. (Art. I, sec. 14.) ▆ The rule is well established in such cases that if the property is not condemned by legal proceedings and the damage paid in advance before the construction of the works, the flood control district is liable for the damage ensuing therefrom, and an action will lie against it for the recovery thereof. (*Elliott* v. *County of Los Angeles, supra,* and cases therein cited.) In our opinion, the complaint in question sufficiently stated a cause of action to which a general demurrer should not have been sustained.

Judgment reversed.

York, Acting P. J., and Doran, J., concurred.