[Civ. No. 12745. Second Appellate District, Division Two.—December 16, 1940.]

Mrs. C. M. CARTER, Respondent, v. FRANK SHINSAKO et al., Defendants; C. W. SODERSTROM, Appellant.

Lasher B. Gallagher for Appellant.

Harry A. Wishard and J. E. Simpson for Respondent.

MOORE, P. J.—Defendant appeals from an order granting plaintiff's motion to vacate a judgment entered pursuant to sustaining a demurrer without leave to amend. The order complained of was made by the court March 20, 1940, following the presentation of a motion accompanied by an affidavit of merits. The affidavit established the following facts:

The demurrer to the first amended complaint was sustained without leave to amend and a minute order was entered January 22d; while no formal notice of the court's ruling was served upon plaintiff or her counsel, a copy of the court's memorandum of decision was mailed to her counsel on the date of the order; on the afternoon of January 25th, pursuant to the request of plaintiff's counsel, the judge granted plaintiff permission to apply for a modification of the order of January 22d in order to permit the filing of a second amended complaint and required counsel to serve a copy of the application on defendant's counsel and the judge stated that the application would be considered and determined by

him; immediately and on the same day, plaintiff's counsel prepared the application and on the morning of the 26th directed his process server to serve and file the paper. However, on the afternoon of the twenty-fifth a formal judgment sustaining the demurrer without leave to amend was signed by the judge and entered on the following day; the form of judgment which had been prepared by defendant's counsel was presented by the clerk of the court along with other orders to the judge for his signature and was at that time, through inadvertence, signed by him. The averment then follows that the plaintiff has a good cause of action. No affidavit or other evidence was submitted in contradiction to the affidavit filed by plaintiff. The motion having been submitted upon briefs to be filed, the court on March 20th filed a decision and entered its order granting the motion to vacate the judgment and authorized plaintiff to file her second amended complaint.

 The order of the court vacating the judgment of January 25th is in all respects a valid judgment for two reasons: (1) Because the court was authorized by the provisions of section 473 of the Code of Civil Procedure to correct an error resulting from his own inadvertence, and (2) the court had inherent power to strike from its records entries made through the inadvertence of the judge to the end that substantial justice might not be defeated.

 On appeal from an order granting relief under section 473, Code of Civil Procedure, it will be presumed that the trial judge believed the statement of facts as presented by the moving party (*Ackerman* v. *Beach*, 104 Cal. App. 299 [285 Pac. 895]) and if any doubt exists it should be resolved in favor of the application to set aside the order to the end of securing a trial on the merits of the case. (*Savage* v. *Smith*, 170 Cal. 472 [150 Pac. 353].) Counsel was justified in assuming that no judgment would be signed or filed by the court until a reasonable time had expired after the verbal authorization to present the application. He moved with reasonable celerity and the motion was filed and presented within a reasonable time. However, notwithstanding all questions of excusable neglect on the part of plaintiff's counsel or of inadvertence on the part of the court, the court had the power to correct mistakes in its own records and to set aside orders and judgment inadvertently made

which are not actually the result of the exercise of judicion. (*Stevens* v. *Superior Court*, 7 Cal. (2d) 110 [59 Pac. (2d) 988].) ■ The judgment which had been signed by the court was calculated to deprive plaintiff of the ultimate right to litigate the merits of her case. Having in mind the potentialities of the pleading which had suffered from an adverse ruling and the likelihood of its being framed so that a trial might with propriety be had, it was the duty of the court to hear the application for the filing of a new pleading made seriously and in good faith. Where the court inadvertently signs a judgment after indicating a desire to reconsider the ruling which sustained a demurrer without leave to amend, it was the duty of the court to exercise a sound discretion with a view to substantial justice.

Order affirmed.

Wood, J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied on February 13, 1941.