[Sac. No. 6768. In Bank. June 21, 1957.]

CLARA L. BECKLEY, as Administratrix, etc., Appellant, v. RECLAMATION BOARD etc., et al., Respondents.

C. F. SEAVER et al., Appellants, v. RECLAMATION BOARD etc., et al., Respondents.

D. W. GEORGE et al., Appellants, v. RECLAMATION BOARD etc., et al., Respondents.

KATHARINE FRANCES ERISEY, Appellant, v. RECLAMATION BOARD etc., et al., Respondents.

Earl D. Desmond, Edward Vayne Miller, Clarence C. Ward, Jack B. Tenney, Edwin J. Regan, Richard J. Dolwig, James E. Cunningham, Jess R. Dorsey, Nathan F. Coombs, Ralph M. Brown, Gordon A. Fluery, Gerald J. O'Gara, Randal F. Dickey, S. C. Masterson and Allen Miller for Appellants.

Edmund G. Brown, Attorney General, Walter S. Rountree, Assistant Attorney General, Willard A. Shank and F. G. Girard, Deputy Attorneys General, for Respondents.

CARTER, J.—These are appeals in four consolidated cases from orders denying motions to set aside and vacate judgments entered after general demurrers to the complaints were sustained without leave to amend.

Plaintiffs, appellants here, filed the original complaints for damages against defendants, respondents, for the negligent construction of the Sacramento River Flood Control Project and negligent diversion of stream waters from the natural channel of the Sacramento River and onto lands belonging to plaintiffs on *May 1, 1947*. On *September 3, 1952*, the first amended complaints were filed. On *December 1, 1952*, defendants filed demurrers and motions to strike portions of the first amended complaints. By stipulation entered into on *February 24, 1953*, certain proposed amendments to the first amended complaints were filed with the county clerk to be submitted to the trial court for its aid in determination of the demurrers.

E. Vayne Miller and Earl D. Desmond were the sole attor-

neys of record for the plaintiffs in the four cases. Earl D. Desmond was then and still is a member of the Senate of the California Legislature from the 19th Senatorial District comprising Sacramento County. The California Legislature commenced the second portion of its regular 1953 session on *February 24, 1953,* and continued in session until *June 10, 1953,* when it took its final adjournment.

On *May 11, 1953,* Miller received from the clerk of the Superior Court of Colusa County, a notice that the defendants' demurrer to the first amended complaints had been sustained without leave to amend. Subsequent to receiving the notice and during the same week, Miller visited Senator Desmond at his offices in Sacramento where a discussion was had concerning the ruling on the demurrer. It was agreed by and between them that a photostatic copy of the second amended complaint in *Archer* v. *City of Los Angeles,* 15 Cal. App.2d 520 [59 P.2d 605], would be obtained so that amendments could be proposed in the instant actions in accordance therewith to aid the trial court prior to entry of judgment in the four cases and that a motion would be made for a reconsideration of the ruling on the demurrers.

On *May 20, 1953,* Senator Desmond sent a Western Union telegram to Judge Hugh H. Donovan (the trial judge) as follows:

"Judge Hugh H. Donovan
Martinez, California

"Request entry judgment George Beckley Erisey and Seaver against State be not executed by Court until June 10th. Legislative duties necessitate continuance so I can study proceedings.

Senator Earl D. Desmond"

Judge Donovan stated to counsel in open court on the hearing of the motion to vacate that he did not receive the above telegram.

On *June 3, 1953,* judgment was entered.

On *June 5, 1953,* Senator Desmond sent the following Western Union telegram to Judge Donovan:

"Judge Hugh Donovan
Martinez, California

"Request judgment be not entered Colusa cases until June 19th. Still attending legislature.

Senator Earl D. Desmond"

On *June 19,1953,* Senator Desmond sent the following Western Union telegram to Judge Donovan:

"Judge Donovan
Martinez

"Have just returned from Legislative duties. Am studying State cases. Request judgment not be entered until June 26.

Earl D. Desmond"

The latter two telegrams were admittedly received by Judge Donovan.

On *September 10, 1953,* after learning on *August 4, 1953,* that judgments had been entered, plaintiffs moved to vacate the judgments entered on June 3, 1953. The motion was made on the following grounds:

"This motion will be made upon the grounds that the said Judgment was entered through the mistake and inadvertence, surprise, or excusable neglect of counsel for the Plaintiffs, and upon the grounds that said Judgment was entered contrary to the provisions of sections 595, 1054, and 1054.1 of the Code of Civil Procedure of California."

On *November 30, 1953,* the trial court rendered a memorandum of decision denying the plaintiffs' motions to vacate the judgments. In the memorandum of decision, the trial court stated that "Plaintiffs have not met the requirements of said section. The submission of the photostatic copy of the complaint in the *Archer* v. *Los Angeles* case cannot be considered as a pleading here and the Court did instruct counsel for defendants to submit a written order to be signed by the Court, in accordance with the memorandum of decision."

On *December 3, 1953,* counsel for plaintiffs filed with the county clerk of Colusa County, a proposed amendment to the first amended complaints to be considered on plaintiffs' motion to vacate the judgments.

On *December 7, 1953,* counsel for plaintiffs filed notices of motions in the four actions on appeal for an order to set aside the memorandum of decision and opinion of the court entered December 1, 1953, refusing to vacate the judgments, and to move the court for an order permitting the filing of the proposed amendment to the first amended complaints.

On *December 14, 1953,* the trial court denied plaintiffs' motion to set aside the decision to vacate the judgments.

On *February 8, 1954,* plaintiffs filed notice of appeal from the order denying their motion to vacate the judgments.

Plaintiffs' primary contention is that under the provisions

of section 595 of the Code of Civil Procedure a mandatory duty devolved upon the trial court not to sign and enter the judgment here involved.

Section 595 then read, in part, as follows: ''The trial of any civil action, . . . or . . . proceeding before a state board or commission or officer, irrespective of the date of the filing thereof or when it became at issue, or the hearing of any motion, demurrer, or other proceeding, shall be postponed when it appears to the court, board, commission, or officer before which such action or proceeding is pending that either party thereto, or any attorney of record therein (whether he became an attorney of record before or after the commencement of a legislative session or before or after his appointment to a legislative committee). . . . When the Legislature is in session or in recess such action or proceeding shall not, without the consent of the attorney of record therein, be brought on for trial or hearing before the expiration of thirty (30) days next following final adjournment of the Legislature or the commencement of a recess of more than thirty-five (35) days.''

Section 1054.1 of the Code of Civil Procedure provides, in part, as follows: ''When an act to be done, as provided by law or rule of court, relates to the pleadings in the action, or the undertakings to be filed, or the justification of sureties, or the preparation of bills of exceptions, or of amendments thereto, or to the service of notices other than of appeal and of intention to move for a new trial, the time allowed therefor, unless otherwise expressly provided, shall be extended by the judge of the court in which the action is pending, or by the judge who presided at the trial of said action, when it appears to the judge of any court to whom such application is made that an attorney of record for the party applying for such extension is a Member of the Legislature of this State, and that the Legislature is in session or in recess not exceeding a recess of forty (40) days or that a legislative committee of which he is a duly appointed member is meeting or is to meet within a period which the court finds does not exceed the time reasonably necessary to enable the member to reach the committee meeting by the ordinary mode of travel. When the Legislature is in session or in recess, extension shall be to a date not less than thirty (30) days next following the final adjournment of the Legislature or the commencement of a recess of more than forty (40) days. . . .''

The legislative purpose in enacting these two statutes

was well stated in *Bottoms* v. *Superior Court,* 82 Cal.App. 764, 769, 770 [256 P. 422], where it was said in discussing section 1054 (of which section 1054.1 was then a part) that attorney-legislators "should be relieved by the law from concerning themselves with extraneous matters or interests not pertaining to their legislative duties while they are in attendance on sessions of the legislature and actually prosecuting their duties as such. On the other hand, the suggestions may be ventured, significant in the present connection, that a practicing lawyer deals with a science involving the most abstruse learning, in its remedial and procedural as well as its substantive branch, and in conserving or preserving, or protecting or defending the rights of his clients when such rights are questioned in the judicial tribunals, the demand for his undivided attention to those causes is as necessary or imperative as is the demand upon him for like attention while he is engaged in performing the duties of a member of the legislature." The language used by the court in the Bottoms case is equally applicable to section 595 which was obviously enacted with the same purpose in mind.

Reviewing the factual situation here, the record shows that plaintiffs' attorney, desiring to present an amended pleading for the consideration of the court, made an honest and diligent effort to notify the court by telegram of his inability to appear because of his attendance at a session of the Legislature and requested that the entry of judgment be postponed until his legislative duties had been concluded and he could devote his time to a study of the matter. Through no fault of counsel, the telegram was not received by the addressee as a result of which the notification and request were not received by the trial court and judgments were thereafter entered. Two subsequent telegrams, addressed in the same manner as the first, were received by the court but after the judgments had been entered. Believing that his request for a postponement of entry of the judgments had been granted, plaintiffs' counsel did not learn of the entry thereof until the time for appeal had expired. Counsel's motion to vacate the judgment was denied by the trial court which, apparently, did not believe that it had the power to vacate the judgments because it stated in its memorandum of decision that "it [the court] would be helpless to set aside the judgments herein."

The foregoing statement of facts makes it obvious that the trial court did not receive notice of Senator Desmond's duties in the Legislature until after the judgments

had been entered. Under the code sections (Code Civ. Proc., §§ 595, 1054.1) heretofore set forth, if the court had been advised that an attorney of record was a member of the California Legislature, Senator Desmond would have been entitled to a continuance until his legislative duties were concluded in order to prepare an amended complaint. In *Davis* v. *Stroud,* 52 Cal.App.2d 308, 315 [126 P.2d 409], the trial court had sustained defendant's demurrer to the complaint without leave to amend. Plaintiff's motion for leave to file an amended or supplemental pleading was denied. On appeal it was held an abuse of discretion to deny plaintiff permission to file the additional pleading. The court there held that "The [trial] court had jurisdiction at any time prior to judgment to reconsider its ruling sustaining the demurrer without leave to amend (21 Cal.Jur. 124; 9 Cal.Jur. 10-Yr. Supp. 221)." ■ The established policy in this state is that amendments to the pleadings may be made at any stage of the proceedings in the furtherance of justice (*Berri* v. *Superior Court,* 43 Cal.2d 856, 860 [279 P.2d 8]; *Bank of America* v. *Superior Court,* 20 Cal.2d 697, 702 [128 P.2d 357]; *Carter* v. *Shinsako,* 42 Cal.App.2d 9 [108 P.2d 27]; *Klopstock* v. *Superior Court,* 17 Cal.2d 13, 19 [108 P.2d 906, 135 A.L.R. 318]; *Wade* v. *Markwell & Co.,* 118 Cal.App.2d 410, 416 [258 P.2d 497, 37 A.L.R.2d 1363]; 21 Cal.Jur. 183). In the case at bar, however, through a mishap, the trial court did not receive notice of Senator Desmond's request for a continuance because of his senatorial duties. It then becomes necessary to determine whether or not the trial court abused its discretion in refusing to vacate the judgments under section 473 of the Code of Civil Procedure. We have concluded that there was an abuse of discretion.

■ Under section 473, a trial court may set aside its judgment when the judgment was taken against a party "through his mistake, inadvertence, surprise or excusable neglect." Regardless of which of these categories precisely describes the circumstances here involved, an examination of the cases involving section 473 clearly demonstrates that relief should have been granted. In *Greenamyer* v. *Board of Lugo E. S. Dist.,* 116 Cal.App. 319 [2 P.2d 848], relief was granted where plaintiff's attorney failed to amend the complaint after a demurrer thereto had been sustained without leave to amend because he relied upon a custom among attorneys to give one another actual notice before causing judgment to be entered upon a default or a demurrer sustained without leave to

amend. In *Jergins* v. *Schenck,* 162 Cal. 747, 748 [124 P. 426], a default judgment was vacated because the defendant, relying upon a custom mistakenly believed that his demurrer had been sustained, failed to answer. The court there said that "Any doubt that may exist should be resolved in favor of the application [to vacate the judgment], to the end of securing a trial upon the merits." (See also *Nicholls* v. *Anders,* 13 Cal.App.2d 440, 445 [56 P.2d 1289]; *W. J. Wallace & Co.* v. *Growers Security Bank,* 13 Cal.App.2d 743, 746 [57 P.2d 998]; *Bonfilio* v. *Ganger,* 60 Cal.App.2d 405, 410 [140 P.2d 861].)

In *Hallett* v. *Slaughter,* 22 Cal.2d 552, 557 [140 P.2d 3], in an independent action in equity, the plaintiff sought to set aside a default judgment in an action where she, as the defendant, mailed an answer and filing fee which failed to reach the clerk of the court due to a miscarriage of the mails. We there held that the default judgment was properly set aside on the grounds of extrinsic accident and mistake. We said there "Plaintiff was prevented by extrinsic accident and mistake of fact from presenting her defense in the municipal court action. That such accident and mistake furnish a ground for equitable intervention under the circumstances of this case is clear." (See *Winn* v. *Torr,* 27 Cal.App.2d 623, 627 [81 P.2d 457]; *Wilson* v. *Wilson,* 55 Cal.App.2d 421, 426 [130 P.2d 782].) Judgments have also been held properly vacated under section 473 because of an attorney's neglect due to a mistake of law (*Waite* v. *Southern Pac. Co.,* 192 Cal. 467 [221 P. 204]; *Fickeisen* v. *Peebler,* 77 Cal.App.2d 148 [174 P.2d 883]) and the pressure of business (*Soda* v. *Marriott,* 130 Cal.App. 589 [20 P.2d 758]). In *Nicol* v. *Davis,* 90 Cal.App. 337 [265 P. 867], a judgment of dismissal was vacated where plaintiff's attorney failed to file an amended pleading because he mistakenly believed that a continuance had been granted. In *Carter* v. *Shinsako, supra,* 42 Cal.App. 2d 9, the trial court verbally granted plaintiff permission to apply for a modification of his order sustaining a demurrer without leave to amend. Thereafter, the court inadvertently caused a judgment of dismissal to be entered. It was held that the judgment was properly vacated under section 473 of the Code of Civil Procedure. In *Riskin* v. *Towers,* 24 Cal.2d 274 [148 P.2d 611, 153 A.L.R. 442], the defendant failed to answer because he believed that he had not been legally served with summons. Even though it was judicially determined that the service was sufficient, a subsequent denial of

his motion to vacate the default judgment was held to be an abuse of discretion. (See also *Coyne* v. *Krempels,* 36 Cal.2d 257 [223 P.2d 244] ; *Estate of Strobeck,* 111 Cal.App.2d 853 [245 P.2d 317] ; *Melde* v. *Reynolds,* 129 Cal. 308 [61 P. 932] ; *Miller* v. *Carr,* 116 Cal. 378 [48 P. 324, 58 Am.St.Rep. 180].) In *Estate of Strobeck, supra,* at page 858, it was said, quoting from *Waybright* v. *Anderson,* 200 Cal. 374, 377 [253 P. 148] : " 'Section 473 of the Code of Civil Procedure is a remedial provision and is to be liberally construed so as to dispose of cases upon their substantial merits, and to give to the party claiming in good faith to have a subsisting cause of action or a substantial defense thereto an opportunity to present it.' And as was said in *Burbank* v. *Continental Life Ins. Co.,* 2 Cal.App.2d 664, 667 [38 P.2d 451] :

" 'Furthermore, it has been the fixed policy of the law always to allow a controversy to be tried and determined on its merits (*Kalson* v. *Percival,* [217 Cal. 568 (20 P.2d 330)] *supra*) ; and to that end the appellate tribunals are disposed to affirm an order to that effect (*Waybright* v. *Anderson,* 200 Cal. 374 [253 P. 148]), and in determining an appeal from such an order will resolve any doubts in favor of the application for such relief (*Waite* v. *Southern Pacific Co.,* 192 Cal. 467 [221 P. 204] ; *Gorman* v. *California Transit Co.,* 199 Cal. 246 [248 P. 923] ; *Brill* v. *Fox,* 211 Cal. 739 [297 P. 25]). Moreover, it is well settled that independent of statutory provisions a trial court has inherent power on its own motion to correct mistakes in its proceedings and within a reasonable time to annul its orders and judgments inadvertently made (*Robson* v. *Superior Court,* 171 Cal. 588 [154 P. 8] ; *Harris* v. *Minnesota Investment Co.,* 89 Cal.App. 396 [265 P. 306] ; *Consolidated Construction Co.* v. *Pacific Electric Ry. Co.,* 184 Cal. 244 [193 P. 238]).' "

 In view of the clearly expressed legislative policy in this state as set forth in section 595 and 1054.1 of the Code of Civil Procedure, the settled policy that where possible there shall be a trial on the merits, and the fact that Senator Desmond was in no way to blame for the miscarriage or non-delivery of the Western Union telegram advising the court of his legislative duties and his request for a continuance, we have concluded that the trial court abused its discretion in refusing to vacate the judgments under section 473 of the Code of Civil Procedure.

Neither party has raised any question on this appeal as to the sufficiency of the complaint as amended and this matter

has not been briefed. We have not, therefore, considered this question and when this case is reconsidered by the court below, it will have the power to determine the sufficiency of the complaint as amended or any other pleadings which either of the parties may see fit to present. All we are here deciding is that the trial court should have granted plaintiff's motion to set aside the judgment upon the ground that Senator Desmond was entitled to the time requested to give further consideration to the case.

The order denying plaintiffs' motion for relief is hereby reversed.

Gibson, C. J., Shenk, J., and Traynor, J., concurred.

SPENCE, J.—I concur in the judgment, as I believe that relief should have been granted under section 473 of the Code of Civil Procedure.

My disagreement with the majority opinion results from its implication that Senator Desmond would have had an absolute right to have had the entry of judgment delayed under the provisions of sections 595 and 1054.1 of the Code of Civil Procedure in the event that he had timely shown that he was a member of the Legislature, and that he desired such delay until after the Legislature had adjourned. It must be remembered that the hearing on the demurrer to the first amended complaint had been had without objection, and that counsel received notice on May 11, 1953, that the demurrer had been sustained without leave to amend. Nothing remained to be done but the mere act of entering a judgment of dismissal. I find no provision giving counsel the absolute right to delay that act.

Section 595 deals only with the postponement of the "trial of any civil action" or the "hearing of any motion, demurrer, or other proceeding"; and it provides that when the Legislature is in session, the "action or proceeding shall not, without the consent of the attorney of record therein, be brought on for trial or hearing" until after a specified time. Section 1054.1 deals only with the extension of time to do an act when "the time allowed therefor" is "provided by law or rule of court." Neither section provides for any absolute right of counsel to delay the entry of judgment after a hearing has been had without objection on a demurrer and the demurrer has been sustained without leave to amend. It would appear that the draftsman of these sections intention-

ally omitted any provision for delaying the entry of a judgment, as there are many instances involving emergency matters where the entry of a judgment should not be delayed after a cause is submitted following a trial or hearing held without objection.

On the other hand, it appears without dispute that Senator Desmond believed in good faith that he had such right, and that he attempted to communicate his request for a delay to the trial court by telegram. Under these circumstances, I am of the view that relief under section 473 of the Code of Civil Procedure should have been granted.

I therefore join in the reversal of the orders.

Schauer, J., and McComb, J., dissented.