[Civ. No. 17560.   First Dist., Div. Two.   Mar. 27, 1958.]

CARL E. ANDERSON COMPANY, Appellant, v. JOHN W. MAUCK, Respondent.

Costello & Johnson for Appellant.

Haley & Rockefeller for Respondent.

DOOLING, J.—This is an appeal from an order setting aside a default judgment.  The complaint was for goods sold and delivered over a period of years.  The complaint was filed on November 28, 1955, and respondent's bank account was attached on December 27, 1955.  By stipulation this attachment was dissolved on January 11, 1956, upon respondent's filing a bond.

Summons and complaint were not served on respondent until February 28, 1956.  After several oral demands that an answer be filed, on March 29, 1956, counsel for respondent sent a letter to counsel for appellant stating that respondent's accountant had recently died and for that reason there had been a delay in compiling the necessary information and promising an answer the following week.  No answer was

filed and on May 2, 1956, demand was made on respondent's attorneys to file an answer within 10 days or a default would be taken. Default was taken and a default judgment entered on June 4, 1956.

The affidavit in support of the motion to set aside the default stated that on March 16, 1956, respondent's regular accountant and bookkeeper, who had kept all of his books for seven years, had died; that the action involves accounting information of a varied and intricate nature and to properly file a pleading it is necessary that the accounting records be recapitulated back to the year 1953; that respondent employed an accountant named Zink to examine and recapitulate said records and that after working thereon from about April 1, 1956, to June 15, 1956, Zink advised respondent that it would be impossible for him to properly compile said accounting information.

In *Beckley* v. *Reclamation Board,* 48 Cal.2d 710, 718 [312 P.2d 1098], our Supreme Court reaffirmed the long-settled rule that it is ". . . the fixed policy of the law always to allow a controversy to be tried and determined on its merits"; that appellate courts ". . . are disposed to affirm an order to that effect [citation] and in determining an appeal from such an order will resolve any doubts in favor of the application for such relief."

So in *Benjamin* v. *Dalmo Mfg. Co.,* 31 Cal.2d 523, 525 [190 P.2d 593], the same court said: "This court has always looked with favor upon orders excusing defaults and permitting controversies to be heard upon their merits. Such orders are rarely reversed, and never 'unless it clearly appears that there has been a plain abuse of discretion.' "

Here, while the neglect of respondent's attorneys is clear, the excuse for that neglect is that counsel did not have sufficient facts upon which to base an answer by reason of the death of respondent's bookkeeper and that respondent's attorneys were awaiting a report from another accountant to whom the matter was entrusted and who was actually examining the accounts from April 1, 1956, until June 15, 1956 —a date after the default was in fact entered. Whether the conduct of respondent's attorneys in waiting for this report before filing an answer was "excusable" presented a question for the trial court, and under the liberal rules established for the consideration of appeals from orders granting relief from defaults we cannot find that the trial judge was clearly guilty of a plain abuse of discretion in finding that the neglect

of respondent's counsel was excusable under the circumstances.

Order affirmed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied April 25, 1958, and appellant's petition for a hearing by the Supreme Court was denied May 21, 1958.