Filed 1/13/15  Roth v. Glickman CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| STEVEN ROTH, | B253835 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC460426) |
| v. | |
| STEVEN C. GLICKMAN et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Soussan G. Bruguera, Judge.  Affirmed.

Morris Polich & Purdy, Jens B. Koepke and J. Scott Miller for Plaintiff and Appellant.

Hollins & Levy, Byron S. Hollins, Laura M. Levy and Adam L. Robinson for Defendants and Respondents.

\* \* \* \* \* \*

Plaintiff Steven Roth filed this action for legal malpractice and negligent misrepresentation against Steven C. Glickman and Glickman & Glickman (collectively, Glickman).  Roth appeals from the trial court's order denying his motion to set aside the dismissal of the action.  On appeal, he argues he committed a mistake of fact justifying relief from the dismissal under Code of Civil Procedure section 473.[1]  We hold the trial court did not abuse its discretion and affirm.

## FACTS AND PROCEDURE

### 1. Allegations of Original Complaint

Roth filed this action against Glickman in April 2011 for legal malpractice and negligent misrepresentation.  His complaint alleged as follows.  In October 2003, Joseph Fryzer filed an action against Roth and Roth's former employer, New York Life Insurance Company (*Fryzer* action).  Fryzer alleged he had lost $2.7 million in reliance on false advice he received from Roth about an investment.  Roth obtained a jury verdict in his favor in the *Fryzer* action.  After the verdict, in September 2007, Roth filed a malicious prosecution action against Fryzer and his attorneys, among others, for bringing the *Fryzer* action.  Roth's first counsel in the malicious prosecution action, Steven Klugman, advised him that he had a strong case.

Roth met with Glickman two days after Klugman filed the complaint in the malicious prosecution action to discuss Glickman's associating into the case.  At that meeting, Roth informed Glickman of Klugman's assessment of the case, and Glickman fully concurred with it.  Glickman made further representations about his extensive experience with malicious prosecution cases and his opinion of the strength of Roth's case.  At no point did Glickman advise Roth that the malicious prosecution action would be subject to section 425.16, which permitted the dismissal of a strategic lawsuit against public participation (the anti-SLAPP statute).  Nor did Glickman advise Roth that he would be liable for attorney fees and costs, if the court granted any anti-SLAPP motion.

---

[1]     Further undesignated statutory references are to the Code of Civil Procedure.

Further, he did not advise Roth that prevailing in a malicious prosecution action was extremely difficult. The trial court went on to grant the anti-SLAPP motions of all the defendants in the malicious prosecution action, and the court held Roth liable for the attorney fees and costs of the defendants. Roth alleged Glickman's failure to advise him of the risks of the malicious prosecution action was negligent and fell below the applicable standard of care. Moreover, Glickman's statements about his abilities and the merits of the malicious prosecution action were negligent misrepresentations.

## 2. *Glickman's Demurrers, the Filing of Amended Complaints, and the Dismissal of the Action*

Glickman demurred to the complaint, the first amended complaint, and the second amended complaint, all of which the court sustained with leave to amend. Roth served Glickman with a third amended complaint (TAC), but did not file the TAC. Instead, three days after he served the TAC, Roth served and filed an "amended third amended complaint" (ATAC). At this point, Roth's attorney had substituted out and Roth had been representing himself for several months; Roth filed a substitution of attorney in June 2012 and served the TAC in November 2012.

Glickman filed a demurrer and a motion to strike portions of the ATAC in December 2012. Among other things, Glickman's motion to strike argued the ATAC was essentially an unauthorized fourth amended complaint. On March 19, 2013, Roth filed a request for dismissal without prejudice of the ATAC. The court entered the dismissal on the date.

At the same time, Roth filed a "response" to the demurrer. In his response, he noted Glickman had demurred to the ATAC but had not answered the TAC, which he described as "the operative complaint" because he had dismissed the ATAC. He also stated that as a result of his dismissal of the ATAC, the demurrer hearing was "moot" and Glickman was "on notice to either answer or otherwise respond to the [TAC]." Glickman filed a reply arguing the ATAC superseded all prior complaints and was the operative complaint, and Roth had dismissed it. As such, the court should deem the action dismissed and not allow further amendments. At the demurrer hearing, the court agreed

3

with Glickman and deemed the "entire matter" dismissed and ordered Glickman to submit a proposed order. The court entered an order dismissing the action on April 9, 2013.

### 3. *Roth's Motion to Set Aside the Dismissal*

On June 21, 2013, Roth filed a motion to set aside the dismissal and "reinstate" the TAC pursuant to section 473. Roth's declaration in support of the motion stated as follows. He had filed the TAC with leave of court, and then three days later, he filed the ATAC to add "a few allegations [he] neglected to include in the TAC." When Glickman moved to strike the ATAC because Roth filed it without obtaining leave to amend, Roth realized Glickman was correct and became convinced the court would grant Glickman's motion to strike. After researching what would happen if he voluntarily dismissed the ATAC without prejudice, he believed that voluntarily dismissing the ATAC would leave the TAC as the operative complaint. He did not believe his dismissal of the ATAC would dismiss the entire action, nor did he intend to dismiss his entire action. He argued that he operated under an excusable mistake of law, and accordingly, the court should grant his motion to set aside the dismissal.

Glickman's opposition to the motion argued Roth's claimed mistake of law did not justify relief. An honest mistake of law was grounds for relief when the legal issue was both complex and debatable, which the issue was not here. (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 611 (*Pietak*)).

The opposition pointed out that Roth had served but not filed the TAC. Roth's reply brief insisted that he *believed* the TAC had been filed and he would not have filed the ATAC otherwise. The court denied Roth's motion and Roth filed a timely notice of appeal.

### DISCUSSION

Under section 473, the court may relieve a party from a dismissal taken against the party through his or her "mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).) An order denying relief from dismissal under section 473 rests in the sound discretion of the trial court. (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 232-233

4

(*Elston*), superseded by statute on other grounds.) Thus, we will not reverse the order absent a clear abuse of discretion. (*Ibid.*; *Pietak, supra*, 90 Cal.App.4th at p. 610.)[2]

Courts often apply section 473 liberally when the movant promptly seeks relief and the party opposing the motion will not suffer prejudice if the court grants it. (*Elston, supra*, 38 Cal.3d at p. 233.) In such cases, slight evidence will be required to justify setting aside the dismissal. (*Ibid.*) "Moreover, because the law strongly favors trial and disposition on the merits, any doubts in applying section 473 must be resolved in favor of the party seeking relief . . . ." (*Ibid.*) Therefore, we more carefully scrutinize a trial court order denying relief than one granting relief and permitting disposition on the merits. (*Ibid.*)

A mistake justifying relief may be a mistake of fact or a mistake of law. "'A mistake of fact is when a person understands the facts to be other than they are; a mistake of law is when a person knows the facts as they really are but has a mistaken belief as to the legal consequences of those facts.'" (*Hodge Sheet Metal Products v. Palm Springs Riviera Hotel* (1961) 189 Cal.App.2d 653, 656.) The mistake in either case must be material and excusable. (*Conway v. Municipal Court* (1980) 107 Cal.App.3d 1009, 1017; Weil et al., Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2014) ¶ 5:311, pp. 5-88 to 5-89.)

On appeal, Roth argues he made a material mistake of fact in that he erroneously believed he had filed the TAC. He contends he would not have dismissed the ATAC, had he known the TAC had not been filed. Glickman argues we should find Roth forfeited

---

[2] Section 473, subdivision (b), also contains a "mandatory" relief provision when the motion is accompanied by an "attorney affidavit of fault" in which the attorney for the moving party attests to his or her mistake, inadvertence, surprise, or neglect. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257; *Pietak, supra*, 90 Cal.App.4th at pp. 608-609.) But the mandatory relief provision does not operate in favor of parties representing themselves in pro. per. It applies only in cases of attorneys representing clients. (*Esther B. v. City of Los Angeles* (2008) 158 Cal.App.4th 1093, 1100.) Accordingly, it has no application in this case.

the "mistake of fact" argument because he did not raise it below. It is true Roth expressly based his motion on a mistake of law—namely, his misunderstanding that if he dismissed the ATAC, the TAC would become the operative complaint. His motion and supporting declaration did not mention that he mistakenly believed the TAC had been filed. It was not until his reply brief, after the opposition pointed out he had not filed the TAC, that Roth argued he mistakenly believed the TAC was filed ("Plaintiff believed that the [TAC] had been filed, otherwise, he would not have filed an [ATAC]"). Because Roth noted the purported mistake of fact at some point in the trial court, we do not think it appropriate to deem the issue entirely forfeited.

Still, Roth has essentially changed his operative theory from a mistake of law to a mistake of fact, since failing to prevail in the trial court. One consequence of the change is that the record does not support his new theory. Roth failed to show an excusable mistake of fact justifying relief.

It was Roth's burden to affirmatively show his mistake of fact was excusable, i.e., that a reasonably prudent person might have made the same error under the same or similar circumstances. (*Zamora v. Clayborn Contracting Group, Inc., supra*, 28 Cal.4th at p. 258; *Kendall v. Barker* (1988) 197 Cal.App.3d 619, 623; 8 Witkin, Cal. Procedure (5th ed. 2008) Attack on Judgment in Trial Court, § 179, p. 779 ["To obtain discretionary relief, the moving party must show, by affidavit or other proof, a reasonable excuse." (Italics omitted.)].) This burden necessarily required the production of evidence, and a preponderance of that evidence should have demonstrated an excusable mistake. (*Kendall v. Barker, supra*, at p. 624.) Further, it is Roth's burden on appeal to affirmatively demonstrate error. (*Pietak, supra*, 90 Cal.App.4th at p. 610.)

But Roth presented no evidence of his mistake at all, other than the bare assertion in his reply brief that he believed the TAC was filed. On appeal, he now characterizes his mistake as "excusable," "understandable," and "reasonable," but we cannot imagine how we are supposed to agree with that determination when we have no idea why he believed he had filed the TAC or how he arrived at that mistaken conclusion. His claim of mistake begs for an explanation, especially because he was in pro. per., would have been

6

responsible for his own filings, and should know where he went wrong. In this light, the failure to provide a reasonable explanation is particularly conspicuous.

With no explanation for the mistake, the trial court had no basis to conclude the mistake was one a reasonably prudent person could have made under the same circumstances. We cannot say the court clearly abused its discretion when there was not even slight evidence justifying Roth's claimed mistake of fact. (See *Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1411 [movant's failure to provide specific facts explaining the mistake was fatal to the § 473 motion; it made it "impossible to determine what the supposed mistake *was* and whether it furnished a legally sufficient excuse"].)

The authorities on which Roth relies are inapposite. In *H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1360, the trial court granted the plaintiff relief from a voluntary dismissal, and the appellate court found no abuse of discretion. The plaintiff brought the action for breach of an option to lease. (*Ibid.*) But then the plaintiff exercised the option to lease and tried to negotiate with the defendant for development of the leased property. (*Ibid.*) The litigation apparently interfered with these negotiations, and the plaintiff dismissed the action without prejudice. (*Ibid.*) It eventually moved to vacate the dismissal based on mistake of fact. It attested to the mistaken belief that if it dismissed the action, the defendant would cooperate by negotiating with it for development of the property. (*Id.* at p. 1361.) Instead, the defendant had terminated the lease. (*Ibid.*) The issue in the case was whether the "mistake" was truly a mistake of fact, or just a poor tactical decision that did not justify relief. (*Id.* at pp. 1368-1369.) The issue was *not* whether the plaintiff had submitted sufficient evidence of excuse for the mistake. As such, the case is not on point and does not assist Roth.

In all the other cases on which Roth relies, most of them in a string cite, the claimed mistakes of fact were supported by affidavits or declarations giving specific (and in many cases, extremely detailed) explanations of the circumstances under which the mistakes arose. (See *Riskin v. Towers* (1944) 24 Cal.2d 274, 275-276; *Bergloff v. Reynolds* (1960) 181 Cal.App.2d 349, 352-354; *Hadges v. Kouris* (1945) 71 Cal.App.2d

7

213, 214-216; *Salazar v. Steelman* (1937) 22 Cal.App.2d 402, 405-407; *Weck v. Sucher* (1929) 96 Cal.App. 422, 423-424; *Nicol v. Davis* (1928) 90 Cal.App. 337, 338-340.)  The evidentiary record in these cases clearly distinguishes them from this case.

## DISPOSITION

The order is affirmed.  Glickman shall recover costs on appeal.

FLIER, J.

WE CONCUR:

BIGELOW, P. J.

GRIMES, J.